UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GUANGLEI JIAO, NAN YU, RUIJI ZHAI,  :
and YANJUN LI,                      :
                                    :
                      Plaintiffs,   :     **REPORT AND RECOMMENDATION**
                                    :
        - against -                 :     18 Civ. 5624 (ARR) (VMS)
                                    :
SHANG SHANG QIAN INC.,              :
YUAN YUAN WU a/k/a Andy Wu,         :
ZHAORUI FAN, DAN WU a/k/a Stephy Wu, :
and MEILING ZOU a/k/a Denise Zou,   :
                                    :
                      Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiffs Guanglei Jiao, Nan Yu, Ruiji Zhai and Yanjun Li (collectively, "Plaintiffs")

commenced this action against Defendants Shang Shang Qian Inc., Yuan Yuan Wu a/k/a Andy

Wu, Zhaorui Fan, Dan Wu a/k/a Stephy Wu and Meiling Zou a/k/a Denise Zou (collectively,

"Defendants"), alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201 et seq., New York Labor Law ("NYLL"), N.Y. Lab. L. §§ 650 et seq., and

regulations promulgated thereunder.  Defendants, through counsel, filed an answer and appeared

for an initial conference.  Thereafter, counsel withdrew representation, and Defendants failed to

further participate in this action.

Before this Court, on referral from the Honorable Allyne R. Ross, is Plaintiffs' motion to

strike Defendants' answer and for default judgment.  For the reasons explained below, this Court

respectfully recommends that:

- Plaintiffs' motion to strike Defendants' answer be granted;
- Default certificate be entered against Defendants;
- Plaintiffs' motion for default judgment be denied without prejudice;

1

- Plaintiffs be given 30 days to amend their complaint in accordance with, but not limited to, the issues identified below.

## I.    BACKGROUND

The facts discussed below are drawn from Plaintiffs' complaint unless stated otherwise and are accepted as true as to liability for the purpose of this motion.[1]  The procedural history is drawn from the docket.

### A.  Pertinent Facts

Defendant Shang Shang Qian Inc. ("Corporate Defendant"), d/b/a Shang Shang Qian, is a New York corporation with a principal place of business at 3634 Union Street, Flushing, New York.  See ECF No. 1 ¶¶ 13, 31.  Corporate Defendant "purchased and handled goods moved in interstate commerce" and "has gross sales in excess of five hundred thousand dollars ($500,000) per year."  See id. ¶¶ 14-15.  Yuan Yuan Wu a/k/a Andy Wu, Zhaorui Fan, Dan Wu a/k/a Stephy Wu, and Meiling Zou a/k/a Denise Zou (together, "Individual Defendants") are officers, directors, managers and/or majority shareholders or owners of Corporate Defendant.  Id. ¶ 16. Individual Defendants had control over the day-to-day operations of Corporate Defendant, including the authority to (i) hire and fire employees; (ii) supervise and control employee work schedules or conditions of employment; (iii) determine the rate and method of payment; and (iv) maintain employee records.  Id. ¶¶ 17, 19, 24, 27.  Defendant Zhaorui Fan hired Plaintiffs.  Id. ¶ 20.  From May 31, 2017 to September 22, 2018, Plaintiff Guanglei Jiao was employed by

---

[1] In Section II.A below, this Court respectfully recommends that default should be entered against Defendants.  "Once a default has been established, as is the case here, the Court accepts as true all of the factual allegations in a complaint except the amount of damages."  Sanchez v. Jyp Foods, Inc., 16 Civ. 4472 (JLC), 2018 WL 4502008, at * 4 (S.D.N.Y. Sept. 20, 2018); see Gomez v. 4 Runners, Inc., 769 F. App'x 1, 2 (2d Cir. 2019) (noting that, on default judgment, a court must "accept[] as true all factual allegations in the complaint except those relating to damages") (citations omitted).

Defendants as a "fry worker and sortor [sic]" at 3634 Union Street, Flushing, New York.  Id. ¶¶ 8, 43.  From June 1, 2017 to September 22, 2018, Plaintiff Ruiji Zhai was employed by Defendants as a "barbeque assistant and miscellaneous worker" at 3634 Union Street, Flushing, New York.  Id. ¶¶ 9, 55.  From June 2, 2016 to September 22, 2018, Plaintiff Yanjun Li was employed by Defendants as a "waitress, cashier, and sanitary worker" at 3634 Union Street, Flushing, New York.  Id. ¶¶ 10, 69.  From September 6, 2016 to September 22, 2018, Plaintiff Nan Yu was employed by Defendants as a "barbeque assistant" at 3634 Union Street, Flushing, New York.  Id. ¶¶ 11, 88.

During the tenure of Plaintiffs' employment, Plaintiffs contend that Defendants failed to pay the prevailing minimum wage and overtime compensation; keep full and accurate records of Plaintiffs' hours and wages; provide accurate pay stubs; provide "time of hire" notices; pay "spread of hours" premiums; and post information required by the New York State Department of Labor.  See id. ¶¶ 35-36, 38, 40-42.

### B.  Procedural History

Plaintiffs commenced this action against Defendants on October 9, 2018.  See generally id.  The complaint alleges eleven claims:

(i)     failure to pay minimum wage under the FLSA;

(ii)    failure to pay minimum wage under the NYLL;

(iii)   failure to pay overtime wages under the FLSA;

(iv)    failure to pay overtime wages under the NYLL;

(v)     failure to pay "spread-of-hours" premium under the NYLL;

(vi)    improper retention of tips under the FLSA;

(vii)   improper retention of tips under the NYLL;

(viii)  failure to provide meal periods under the NYLL;

(ix)    failure to keep payroll records under the NYLL;

(x)     failure to provide written notice at the time of hiring under the NYLL; and

3

(xi)  failure to provide wage statements or paystubs under the NYLL.

See generally id.  Plaintiffs seek damages consisting of unpaid wages, unpaid tips, liquidated

damages, penalties for violations of wage-notice requirements and pay-stub requirements, pre-

judgment interest, and reasonable attorneys' fees and costs.  See generally id.

Plaintiffs served Defendants at 29 New York Avenue, Westbury, New York, on or about

November 6, 2018, and filed the executed summonses on January 5, 2019.  See ECF Nos. 10-14.

Plaintiffs made an additional service on Corporate Defendant on January 8, 2019 and filed the

executed summons on January 10, 2019.  See ECF No. 15.  Defendants did not answer or

otherwise respond to the complaint.  See generally Dkt.  On March 13, 2019, Plaintiffs served

Defendants at 3634 Union Street, Flushing, New York and filed the executed summonses on

March 25, 2019.[2]  See ECF Nos. 16-20.  Again, Defendants did not answer or otherwise respond

to the complaint.  See generally Dkt.  On July 3, 2019, this Court issued a Status Report Order

directing Defendants to answer the complaint by July 17, 2019.  See Dkt. Entry 7/3/19.

---

[2] Plaintiffs effected this service more than 90 days after the complaint was filed without seeking
leave of Court.  See Fed. R. Civ. P. 4m (empowering court to dismiss action without prejudice if
defendant is not served within 90 days after the complaint is filed).  This Court notes that
Plaintiffs' initial service of process was likely ineffective.  See N.Y. C.P.L.R. § 308(2) (requiring
personal service upon a natural person by delivering summons to person of suitable age and
discretion at actual place of business); N.Y. C.P.L.R. § 311(a)(1) (requiring personal service
upon a corporation by delivering summons to "officer, director, managing or general agent, or
cashier or assistant cashier"); ECF No. 10 (stating service of process effectuated on Corporate
Defendant by delivering summons and complaint to "Patrick 'Doe,' Manager"); compare ECF
Nos. 11-14 (stating that 29 New York Avenue, Westbury, NY is actual place of business of
Individual Defendants), with ECF No. 1 (alleging that Corporate Defendant's principal place of
business is located at 3634 Union Street, Flushing, NY), and ECF Nos. 17-20 (stating that 3634
Union Street, Flushing, NY is actual place of business of Individual Defendants).

On July 17, 2019, attorneys from Hang & Associates, PLLC, entered their appearance as counsel for Defendants.[3]  See ECF Nos. 23-24.  Defendants' counsel moved for an extension of time to respond to the complaint.  See ECF No. 25.  The deadline to respond to the complaint was extended to July 22, 2019.  See ECF No. 26.  On July 22, 2019, Defendants filed an answer to the complaint generally denying all allegations.  See ECF No. 28.  Defendants asserted 24 affirmative defenses, including accord and satisfaction, statute of limitations, and the Portal-to-Portal Pay Act, 29 U.S.C. § 254.  See id.  On August 21, 2019, this Court held an initial conference and set a pre-trial schedule.  See ECF No. 31; Dkt. Entry 8/21/19.

On October 9, 2019, Plaintiffs filed a motion for conditional collective certification under the FLSA.[4]  See ECF Nos. 33-35.  One week later, Hang & Associates, PLLC, moved to withdraw as counsel for Defendants.  See ECF No. 36.  Counsel cited "breakdown in [] communication" as the reason for withdrawing representation.  See ECF No. 36.  This Court held a hearing on the motion to withdraw.  See ECF No. 40.  Individual Defendants and a representative for Corporate Defendant attended the hearing.  See ECF No. 57, 2:22-3:14.  The motion to withdraw was granted on consent, and representation by the attorneys from Hang & Associates, PLLC, was terminated.  See ECF No. 40.  The deadline for Defendants to find new counsel was set for December 2, 2019.  See ECF No. 57, 13:14-17.  This Court scheduled a status conference for January 9, 2020, and it directed Defendants to oppose Plaintiffs' motion for conditional certification by December 20, 2019.  See ECF No. 40.  Discovery was ordered to be completed by April 30, 2020, but it was stayed until December 20, 2019.  See ECF No. 40.  The

_____

[3] On July 15, 2019, Plaintiffs prematurely requested certificate of default against Defendants. See ECF No. 21.

[4] Before Plaintiffs filed their motion to certify, Hang & Associates, PLLC, wrote the Court to inform that a motion to withdraw representation would be forthcoming.  See ECF No. 32.

Court informed that the Individual Defendants may represent themselves pro se in this action, but that Corporate Defendant must be represented by an attorney. See id.; ECF No. 57, 5:13-7:7; Dkt. Entry 11/6/19. No attorney entered appearance on behalf of Defendants on or after December 2, 2019. See generally Dkt. On December 20, 2019, Defendants failed to oppose Plaintiffs' motion for conditional certification. See ECF No. 42. Counsel for Plaintiffs also reported that Defendants did not respond to Plaintiffs' discovery demands. See ECF No. 48.

On January 9, 2020, this Court held a status conference. See Dkt. Entry 1/9/2020. Counsel for Plaintiffs appeared, but Defendants failed to appear by counsel or otherwise. See id. On consent from Plaintiffs, Plaintiffs' motion for conditional certification was denied as moot as a practical matter given that Plaintiffs could not obtain the necessary records from Defendants. See ECF No. 49. In light of Defendants' failure to participate in this action despite having been given multiple opportunities to do so, Plaintiffs were given leave to move to strike Defendants' answer and to move for default judgment on or before February 8, 2020. See id.

Plaintiffs move to strike Defendants' answer and for default judgment.[5] See ECF Nos. 51-54. Plaintiffs do not set forth any damages calculation in their motion, but, instead, ask the Court to schedule a hearing to assess damages. See ECF No. 53 at 6.

To date, Defendants have not contacted the Court, retained counsel, opposed Plaintiffs' motions, or otherwise participated in this action. See ECF No. 52 ¶ 14; see generally Dkt.

---

[5] This Court notes that Plaintiffs requested a certificate of default from the Clerk of the Court on February 4, 2020, but they did not receive such certificate. See ECF No. 50. Plaintiffs failed to make their motions by February 8, 2020. See Dkt. Entry 2/12/2020. This Court provided Plaintiffs additional time until February 14, 2020 to file their motions. See id.

## II.     DISCUSSION

### A.  Motion For Sanctions Should Be Granted

Federal Rule of Civil Procedure 16(f) authorizes a court to impose sanctions, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), when a party or its attorney fails to appear at a court-ordered conference or fails to obey a pretrial order.  See Fed. R. Civ. P. 16(f).  Such sanctions may include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).  When considering whether to impose sanctions pursuant to Rule 37, courts should look to several factors, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance, (2) the efficacy of lesser sanctions, (3) the duration of the period of noncompliance, and (4) whether the non-compliance party had been warned of the consequences of . . . noncompliance."  Agiwal v. Mid Island Mort. Corp., 555 F.3d 298, 302 (2d Cir. 2009).  These factors are not exclusive, and none is dispositive. See S. New England Tel. Co. v. Global NAPs, Inc., 624 F.3d 123, 144 (2d Cir. 2010).  The district court has "wide discretion in imposing sanctions under Rule 37."  Shcherbakovskiy v. Da Cap Al Fine, Ltd., 490 F.3d 130, 135 (2d Cir. 2007).

This Court finds that Defendants' noncompliance with orders has been willful. Defendants are aware of this lawsuit and initially participated by answering the complaint, appearing at the initial conference through counsel, and consenting to the withdrawal of their counsel at an in-person hearing held by this Court.  See ECF Nos. 28; 31; 40; 57, 2:22-3:14. After this Court approved the withdrawal of their counsel in November 2019, Defendants willfully ignored this Court's Order to retain new counsel or participate pro se.  See ECF Nos. 40; 48; 57, 5:13-7:7.  Defendants failed to oppose Plaintiffs' motion for conditional collective certification even though they were advised of the deadline to respond.  See ECF Nos. 40, 42.

Defendants failed to engage in discovery even though the stay on the discovery schedule expired on December 20, 2019.  <u>See</u> ECF No. 48.  Defendants failed to appear, by counsel or otherwise, at the January 9, 2020 conference.  <u>See</u> Dkt. Entry 1/9/20.  Defendants were mailed copies of Plaintiffs' status report requesting that their motion for conditional collective certification be granted as unopposed and this Court's order denying Plaintiffs' motion for conditional collective certification.  <u>See</u> ECF Nos. 43-47, 49.  The totality of Defendants' conduct shows willfulness and warrants strict sanctions.  <u>See, e.g.</u>, <u>Campos v. Quentin Market Corp.</u>, No. 16 Civ. 5303 (DLI) (RER), 2017 WL 9253412, at *3 (Nov. 21, 2017) (finding willfulness when parties ignored court order to retain new counsel and failed to appear at two conferences), <u>R&R adopted</u>, Docket Order (E.D.N.Y. Mar. 13, 2018); <u>Castillo v. Zishan, Inc.</u>, No. 16 Civ. 6166 (JGK), 2017 WL 3242322, at *2 (S.D.N.Y. July 28, 2017) (finding willfulness where individual defendant and corporate defendant failed to appear at a conference either pro se or by new counsel).

Defendants' continued non-compliance with Orders and failure to engage with the Court indicates that imposing a lesser sanction will not likely be effective.  Although lesser sanctions should be considered before the Court proceeds to strike an answer and issue a default judgment against a non-compliant party, <u>see</u> <u>Agiwal</u>, 555 F.3d at 302, Defendants have failed to defend this action since November 6, 2019.  Sanctions such as an order prohibiting certain defenses or staying the case until the party is compliant would be "an exercise in futility."  <u>See, e.g.</u>, <u>Rahman v. Red Chili Indian Café, Inc.</u>, No. 2019 WL 6619893 (RA) (BM), at *4 (July 12, 2019) (citation omitted), <u>R&R adopted</u>, 2019 WL 6619350 (S.D.N.Y. Dec. 5, 2019).  This case simply cannot proceed without the participation of Defendants.

Although Defendants have not been explicitly warned about the potential consequences of failing to participate in this action, the duration of Defendants' noncompliance cannot be

overlooked.   Defendants were given ample opportunities to appear and defend.  Over seven months have passed since Defendants last contacted the Court.  This period is long enough to support a finding that a harsh sanction, such as striking the answer or finding default, is warranted.  See, e.g., Castillo, 2017 WL 3242322, at *2 (determining that a four-month period of non-compliance weighed in favor of sanctions); Fajardo v. Arise News, Inc., No. 15 Civ. 6912 (PKC), 2016 WL 2851339, at *3 (S.D.N.Y. May 13, 2016) (determining that a three-month period of non-compliance weighed in favor of a default judgment); Local Union No. 40 of the Intern. Ass'n of Bridge v. Car-Wi Const., 88 F. Supp. 3d 250, 265-66 (S.D.N.Y. 2015) (collecting cases).

Based on the foregoing, striking Defendants' answer and entering default are appropriate sanctions in this case.  See, e.g., Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006) (noting that a default judgment may be entered against a corporation that fails to appear through counsel); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991) (finding that court was justified in imposing default on corporate defendant that willfully disregarded order to appear through counsel); Gumwand, Inc. v. Gum Wand, Ltd., No. 15 Civ. 707 (LDW) (AYS), 2016 U.S. Dist. LEXIS 155852, at *6 (Oct. 13, 2016) (striking answer and entering default judgment against defendant who failed to appear a court-ordered conference and failed to communicate with the court), R&R adopted, 2016 U.S. Dist. LEXIS 154466 (E.D.N.Y. Nov. 4, 2016).  This Court respectfully recommends that the Court strike the answer of Defendants and enter a certificate of default against them.

## B.  Motion For Default Judgment Should Be Denied

Having determined that Defendants' noncompliance warrants an order finding Defendants in default as a sanction pursuant to Federal Rules of Civil Procedure 16 and 37, this Court assesses whether Plaintiffs are entitled to default judgment against Defendants.

A default constitutes an admission of all well-pleaded factual allegations in the complaint.  See Isigi v. Dorvilier, 795 F. App'x 31, 33 (2d Cir. 2019); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right."  GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc., 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010); see Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999) (finding no abuse of discretion where district court denied plaintiff's motion for default judgment against defaulting defendants).

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure by which a party may obtain a default judgment.  See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, if a party has failed to plead or otherwise defend against an action, the Clerk of Court must enter a certificate of default by making a notation on the record.  See Fed. R. Civ. P. 55(a).  Second, after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded. See Fed. R. Civ. P. 55(b).  The movant must follow the procedure for entry of a default judgment as set forth in Federal Rule of Civil Procedure 55 as well as in Local Civil Rule 55.2.  See, e.g., Bhagwat v. Queens Carpet Mall, Inc., No. 14 Civ. 5474, 2017 WL 9989598, at *1 (E.D.N.Y.

Nov. 21, 2017) ("Bhagwat II") ("A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules."); Bhagwat v. Queens Carpet Mall, Inc., No. 14 Civ. 5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) ("Bhagwat I") (requiring motion for default judgment to adhere to local rules and judge's individual rules); Kuruwa v. Meyers, 823 F. Supp. 2d 253, 256 (S.D.N.Y. 2011) ("In light of the default imposed under Rule 37, we follow the procedure for entry of a default judgment as set forth in Fed. R. Civ. P. 55."); RLI Ins. Co. v. May Const. Co., No. 09 Civ. 7415 (PKC), 2011 WL 1197937, at *3-4 (S.D.N.Y. Mar. 22, 2011) (considering whether plaintiff's motion complied with Rule 55 and Local Rule 55.2 after entering default judgment pursuant to Rule 37); Lemus v. Manhattan Car Wash, Inc., No. 06 Civ. 15486 (MHD), 2010 WL 4968182, at *7 (S.D.N.Y. Nov. 24, 2010) (same).

District courts have "sound discretion" to grant or deny a motion for default judgment. See Enron Oil, 10 F.3d at 95. That discretion includes the "broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party. Enron Oil, 10 F.3d at 95-96 (recognizing "the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard"). The Court must therefore ensure that (1) a plaintiff satisfied all required procedural steps in moving for default judgment, see Local Civ. R. 55.2; and (2) a plaintiff's allegations, when accepted as true, establish liability as a matter of law, see Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

Applying these principles to Plaintiffs' motion for default judgment, this Court respectfully recommends denying Plaintiffs' motion for default judgment in its entirety for three reasons. First, there are procedural deficiencies in Plaintiffs' motion, some of which this Court respectfully recommends should be overlooked, but that Plaintiffs' failure to comply with the Servicemembers Civil Relief Act should not be overlooked. Second, Plaintiffs fail to plead liability under the FLSA because Plaintiffs fail to allege well-pleaded facts that Corporate Defendant is an enterprise engaged in commerce. Third, in light of Plaintiffs' failure to plead liability under the FLSA, the Court should not exercise supplemental jurisdiction over Plaintiffs' claims under the NYLL.

        1.   **Plaintiffs' Failure To Comply With Local Civil Rules 55.2(b) and (c) Should Be Overlooked**

Plaintiffs fail to comply with Local Civil Rule 55.2, which normally warrants denying the motion for default judgment,[6] but this Court finds reasons to overlook the noncompliance in this case.

        a.   **Local Civil Rule 55.2(b)**

Local Civil Rule 55.2(b) of the United States District Courts for the Southern and Eastern Districts of New York requires that a party seeking default judgment "append to the application

---

[6] Courts in the Eastern and Southern Districts regularly deny motions for default judgment when strict compliance with Local Civil Rule 55.2 is lacking. See, e.g., United States v. Hamilton, No. 18 Civ. 2011 (ADS) (SIL), 2019 WL 6830318, at *2-3 (Nov. 26, 2019), R&R adopted, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019) (denying plaintiff's motion for default judgment for failure to comply with Local Civil Rule 55.2(c)) (collecting cases); Bhagwat I, 2015 WL 13738456, at *1 (denying plaintiff's motion for default judgment without prejudice where plaintiff failed to comply with Local Civil Rule 55.2(b)); Lynam v. Behr, No. 05 Civ. 2126 (SJF) (MLO), 2006 WL 8439612, at *2 (E.D.N.Y. Jul. 6, 2006) (denying motion for default judgment for failure to comply with Local Civil Rule 55.2(b)); Candelaria v. Erickson, No. 01 Civ. 8594 (LTS) (RLE), 2005 WL 1529566, at *14 (S.D.N.Y. June 28, 2005) (denying plaintiff's motion for default judgment for failure to comply with Local Civil Rule 55.2(b) and judge's individual rules).

(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Local Civ. R. 55.2(b). Here, Plaintiffs' submission in support of motion for default judgment does not include a copy of the Clerk's certificate of default or a proposed form of default judgment. See ECF Nos. 51-54. This omission is usually sufficient to warrant denial of a plaintiff's motion for default judgment. See Candelaria, 2005 WL 1529566, at *14 (denying default judgment motion for, inter alia, failing to submit clerk's certificate of default or proposed form of judgment).

　　　Yet, this Court considers a line of cases that have excused a plaintiff's failure to strictly comply with Local Civil Rule 55.2(b) and finds them persuasive in the present circumstances. See, e.g., Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1983) (finding that the district court's order allowing a motion for default judgment was "functionally equivalent to an entry of default"); Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs, Local 15, 15A, 15C, & 15D, AFL-CIO v. Coastal Envtl. Grp. Inc., No. 18 Civ. 5791 (LDH) (SJB), 2019 WL 5693916, *3 n.7 (Aug. 30, 2019) (excusing plaintiff's omission of copies of certificate of default and proposed form of default judgment where noncompliance is minor and did not prevent defendant from receiving notice of motion), R&R adopted, Docket Order (E.D.N.Y. Mar. 31, 2020); RLI Ins., 2011 WL 1197937, at *4 (granting default judgment as to liability where plaintiff failed to submit certificate of default); In re Supreme Specialties, Inc., 330 B.R. 40, 47 (S.D.N.Y. 2005) (weighing "rigid adhere to [Local Civil Rules] against the "efficient administration of justice.") (citation & internal quotation marks omitted).

　　　This Court respectfully recommends excusing Plaintiffs' failure to obtain a certificate of default and submit a proposed form of default judgment as part of their motion. This Court's January 9, 2020 Order allowing Plaintiffs to file this motion for default judgment may be

considered the functional equivalent of an entry of default against Defendants.  See ECF No. 49;

Traguth, 710 F.2d at 94.  Plaintiffs' complaint and default judgment papers provide sufficient

notice of the relief sought as part of the motion for default judgment.  See ECF Nos. 1; 51-53;

Gustavia Home, LLC v. Vaz, No. 17 Civ. 5307 (ILG) (RER), 2019 WL 3752772, at *4

(E.D.N.Y. Aug. 8, 2019) ("[T]he complaint itself provides fair notice of the kind of judgment

that Plaintiff seeks[.]  Under these . . . circumstances, the Court will excuse Plaintiff's failure to

abide by Local Civil Rule 55.2.").  Thus, this Court finds that Plaintiffs' noncompliance with

Local Civil Rule 55.2(b) is minor, and the omission does not prejudice Defendants.  This Court

respectfully recommends overlooking Plaintiffs' failure to comply with Local Civil Rule 55.2(b).

This Court recommends entering default against Defendants as a sanction for willfully failing to

obey this Court's orders and refusing to participate in this action.  See supra II.A.

### b.  Local Civil Rule 55.2(c)

Local Civil Rule 55.2(c) requires that "all papers submitted to the Court pursuant to

Local Civil Rule [55.2(b)] shall simultaneously be mailed to the party against whom a default

judgment is sought at the last known residence of such party (if an individual) or the last known

business address of such party (if a person other than an individual).  Proof of such mailing shall

be filed with the Court."  Local Civ. R. 55.2(c).  Service of the motion on non-appearing

defendants is of particular importance because "mailing notice of such an application is

conducive to both fairness and efficiency[.]"  Committee Note, Local Civ. R. 55.2; see

Transatlantic Auto Grp., Inc. v. Unitrans-PRA Co., No. 08 Civ. 5070 (DLI) (CLP), 2011 WL

4543877, at *20 (Sept. 9, 2011) (noting the Local Rules relating to default provide more

protection for non-appearing defendants than the Federal Rules of Civil Procedure to promote

fairness and efficiency), R&R adopted, 2011 WL 4543838 (E.D.N.Y. Sept. 29, 2011).

14

Here, Plaintiffs failed to strictly comply with Local Civil Rule 55.2(c) in two respects. First, Plaintiffs' mailing of default judgment papers to Defendants did not include a copy of a certificate of default and a proposed form of default judgment.  See ECF No. 54 (indicating that notice of motion, affirmation of John Troy and accompanying exhibits, and memorandum of law were mailed to Defendants).  Because there are reasons to excuse omission of these papers from Plaintiffs' motion for default judgment, see supra II.B.1.a, this Court similarly recommends finding that the failure to mail these papers to Defendants should be overlooked.  The concerns of "fairness and efficiency" raised by the Committee are addressed here because Defendants are aware of the relief sought against them and, yet, are willfully defaulting.

Second, Plaintiffs mailed the default judgment motion papers to Defendants Zhaorui Fan and Meiling Zou at 3634 Union St., Flushing, NY, and Defendants Yuan Yuan Wu and Dan Wu at 113-39 26th Avenue, Flushing, New York.[7]  See ECF No. 54.  That is, Defendants Zhaorui Fan and Meiling Zou were mailed at their business address, and Defendants Yuan Yuan Wu and Dan Wu were served at an unknown address.[8]  Generally, failure to show that an individual defendant was mailed the default judgment motion papers at his or her last known residence warrants denying the motion against the individual.  See, e.g., J & J Sports Prods., Inc. v. Vergara, No. 19 Civ. 2382 (FB) (VMS), 2020 WL 1034393, at *5 (Feb. 6, 2020) ("Generally, courts look to the pleading or motion papers to determine whether plaintiff properly mailed its default judgment

---

[7] This Court finds it problematic that this address is not recognized by the United States Postal Service.  When the address is typed into a search for zip code by address, the result is the following address: 113 26th Avenue, #39, Astoria, NY 11102.  See United States Postal Serv., Look Up A Zip Code, https://tools.usps.com/go/ZipLookup Action_input (select "Find by Address"; search "113-39 26th Avenue, Flushing, New York").

[8] There is nothing in the record from which to infer that 113-39 26th Avenue, Flushing, New York is the last known residence of Defendants Yuan Yuan Wu and Dan Wu.

papers in accordance with Local Rule 55.2(c).") (collecting cases), R&R adopted, 2020 WL

1031756 (E.D.N.Y. Mar. 3, 2020); Feng Lin v. Quality Woods, Inc., No. 17 Civ. 3043 (DLI)

(SJB), 2019 WL 1450746, at *7 (Jan. 28, 2019) (denying default judgment motion against

individual defendants in part for mailing motion papers to business address), R&R adopted,

Docket Order (E.D.N.Y. Mar. 31, 2019).

       Special circumstances in this case justify overlooking Plaintiffs' failure to comply with

the mailing requirements of Local Civil Rule 55.2(c).  At the hearing on the motion to withdraw,

Defendants' counsel agreed to provide Defendants' contact information so that the Court and

Plaintiffs' counsel may "contact them properly" after representation by Hang & Associates,

PLLC, was terminated.  See ECF No. 57, 6:19-7:7, 10:7-10.  This Court also instructed

Defendants to notify the Court if they were to change their address.  See id., 18:23-25.

Thereafter, counsel from Hang & Associates, PLLC, submitted a letter identifying Defendants'

contact information, including the preferred address of mailing for each Defendant.  See ECF

No. 41.  That letter set forth that Defendants Zhaorui Fan and Meiling Zou should be contacted

at 3634 Union Street, Flushing, New York, and that Defendants Yuan Yuan Wu and Dan Wu

should be contacted at 113-39 26th Avenue, Flushing, New York.  See id.  This Court notes that

Plaintiffs' mailing of default judgment motion papers was consistent with this letter.  Compare

ECF No. 54, with ECF No. 41.  The docket does not reflect that any of Plaintiffs' mailings were

returned.  See generally Dkt; Local Civ. R. 55.2(c) (requiring supplemental affidavit if mailing is

returned).  The docket also does not reflect that Defendants changed their preferred contact

address.  See generally id.  In this particular instance, where each Defendant identified his or her

own preferred mailing address, this Court finds that it was reasonable for Defendants to be

mailed the default judgment motion papers at such mailing addresses.

For the foregoing reasons, this Court respectfully recommends overlooking Plaintiffs'
failure to comply with Local Civil Rule 55.2(c).

### 2. Plaintiffs' Failure To Comply With The Servicemembers Civil Relief Act Requires Denying The Motion For Default Judgment Against Individual Defendants

Even overlooking Plaintiffs' failure to comply with the Local Civil Rules, this Court
respectfully recommends denying Plaintiffs' motion for default judgment as against Individual
Defendants for failure to include a declaration certifying that Individual Defendants are not in
military service.  Such omission is fatal to Plaintiffs' motion for default judgment against
Individual Defendants as a matter of law.

The Servicemembers Civil Relief Act (the "Act") requires a plaintiff seeking default
judgment to "file with the court an affidavit stating whether or not the defendant is in military
service and showing necessary facts to support the affidavit."  50 U.S.C. § 3931(A); see Bhagwat
I, 2015 WL 13738456, at *1 (denying motion for default judgment where plaintiff, among other
things, failed to include in their motion papers a certification that the individual defendant is not
a servicemember); Uribe v. Nieves, No. 17 Civ. 5155 (RRM) (RER), 2018 WL 4861377, at *1-2
(E.D.N.Y. Sept. 26, 2018) (noting that the affidavit may not be based on conclusory statements).
"The non-military affidavit must be based not only on an investigation conducted after the
commencement of an action or proceeding but also after a default in appearance by the party
against whom the default judgement is to be entered."  Pruco Life Ins. Co. of N.J. v. Estate of
Locker, No. 12 Civ. 882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012)
(internal citations omitted).  "The court lacks the power to excuse compliance with the statute."
Uribe, 2018 WL 2018 WL 4861377, at *1.

Here, Plaintiffs failed to file an affidavit stating whether the Individual Defendants were in military service at the time Plaintiffs moved for default judgment.  See ECF Nos. 51-54. Therefore, this Court respectfully recommends that Plaintiffs' motion for default judgment against Individual Defendants be denied without prejudice.

### 3. Plaintiffs' Motion For Default Judgment Against Corporate Defendant Should Be Denied

In addition to recommending denial of Plaintiffs' motion against Individual Defendants, this Court also respectfully recommends denying Plaintiffs' motion against Corporate Defendant. "[B]ecause a party in default does not admit conclusions of law, it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action."  Cazares v. 2898 Bagel & Bakery Corp., No. 18 Civ. 5923 (AJN), 2020 WL 2832766, at *3 (S.D.N.Y. May 31, 2020) (citation & internal quotation marks omitted).

This Court finds that Plaintiffs' conclusory allegations that Corporate Defendant is an "enterprise engaged in commerce" are insufficient to establish liability under the FLSA on a motion for default judgment.  Without default judgment under the FLSA, this Court finds that it is appropriate to decline to exercise supplemental jurisdiction over Plaintiffs' claims under the NYLL.  Therefore, this Court respectfully recommends that Plaintiffs' motion for default judgment against Corporate Defendant be denied without prejudice.

### a. Plaintiffs Failed To Establish Liability Against Corporate Defendant Under The FLSA

In order to establish a claim under the FLSA, a plaintiff must demonstrate: (1) that he was an "employee" of the defendant; and (2) that the defendant is an enterprise engaged in

interstate commerce or in the production of goods for interstate commerce.  See 29 U.S.C. §§ 206(a), 207(a); Chen v. Major League Baseball, 6 F. Supp. 3d 449, 453-54 (S.D.N.Y. 2014).

Plaintiffs have shown that they are employees within the FLSA's definition of that term. Under the FLSA, an "employee" is "any individual employed by an employer"; it defines "employ" as "to suffer or permit to work." 29 U.S.C. §§ 203(e)(1), 203(g).  The Second Circuit has adopted an "economic realities" test to determine whether an individual is an employee for FLSA purposes.  See Brock v. Superior Care, 840 F.2d 1054, 1058 (2d Cir. 1988).   The factors considered include: "(1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business."  Id. at 1058-59.  No factor is dispositive: "[R]ather, the test is based on a totality of the circumstances" analysis, with the ultimate question being whether the "workers depend upon someone else's business for the opportunity to render service or are in business for themselves." Id. at 1059.

Here, the totality of the factors establishes that, as a matter of economic reality, Plaintiffs were employees of Corporate Defendant.  Plaintiffs allege that they worked regular schedules and performed specific duties.  See, e.g., ECF No. 1 ¶¶ 43-45, 55-57, 69-72, 88-90.  There is no indication that Plaintiffs had additional opportunities for profit outside their wages or tips.  See, e.g., id. ¶¶ 48-50, 60-64, 75-76, 93-99.  There is also no indication that Plaintiffs' jobs required any special skill, and it is unlikely that any special skill, training, or education is required for a fry worker, bbq assistant, waitress or cashier.  Plaintiffs were not hired for any discrete project but, instead, worked meaningful periods of time for Defendant: Plaintiff Guanglei Jiao worked

for Corporate Defendant from May 31, 2017 to September 22, 2018; Plaintiff Ruiji Zhai worked

for Corporate Defendant from June 1, 2017 to September 22, 2018; Plaintiff Yanjun Li worked

for Corporate Defendant from June 2, 2016 to September 22, 2018; and Plaintiff Nan Yu worked

for Corporate Defendant from September 6, 2016 to September 22, 2018.  See id. ¶¶ 8-11.

According to Plaintiffs, their work was directly essential to the business operated by Corporate

Defendant.  See id. ¶ 32.  In light of all of these factors, Plaintiffs have sufficiently alleged that

they were "employees" under the FLSA.

   On the other hand, Plaintiffs have failed to show that Corporate Defendant is an

"enterprise engaged in commerce."  The FLSA defines an "enterprise engaged in commerce" as

one that "has employees engaged in commerce or in the production of goods for commerce, or

that has employees handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person" and that has an "annual gross volume of

sales made or business done . . . not less than $500,000."  29 U.S.C. § 203(s)(1)(A)(i)-(ii)[9]; see

id. § 203(b) (defining "commerce" as "trade, commerce, transportation, transmission, or

communication among the several States or between any State and any place outside thereof");

see id. § 203(i) (defining "goods" as not including "goods after their delivery into the actual

physical possession of the ultimate consumer thereof"); see id. § 203(j) (defining "produced" as

"produced, manufactured, mined, handled, or in any other manner worked on in any State");

Asalde v. First Class Parking Sys., LLC, 898 F.3d 1136, 1138-39 (11th Cir. 2018) (noting that

---

[9] Under the FLSA, "individual coverage" arises when the employee was "engaged in commerce or in the production of goods for commerce," and "enterprise coverage" arises when the employee is "employed" in an enterprise engaged in commerce or in the production of goods for commerce."  Jacobs v. N.Y. Foundling Hosp., 577 F.3d 93, 96-97 (2d Cir. 2009) (quoting 29 U.S.C. § 207(a)(1)) (finding that private charitable provider of social services was not an "enterprise" under the FLSA);  Martinez v. Palace, 414 F. App'x 243, 245 (11th Cir. 2011) (finding that restaurant cook was not "engaged in commerce").

"goods" and "materials" are distinct categories and defining "materials" to include "tools or other articles necessary for doing or making something[.]").  Individual coverage is met where the employee is "directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel."  Martinez, 414 F. App'x at 245 (citation omitted).  Enterprise coverage may be met where employees handle supplies or equipment that originated out-of-state.  See, e.g., Donovan v. Scoles, 652 F.2d 16, 19 (9th Cir. 1981) ("The interstate movement referred to is, rather, that movement by which such goods have been made available for sales of the reselling establishment, as where a retail enterprise located in one State purchases or receives goods for resale to its customers and these goods move or have moved in commerce from other States.") (citing S.Rep.No. 145, 87th Cong., 1st Sess. reprinted in (1961) U.S.Code Cong. & Ad.News 1620, 1663-64); Cazares v. 2898 Bagel & Bakery Corp., No. 18 Civ. 5953 (AJN), 2020 WL 2832766, at *4 (S.D.N.Y. May 31, 2020) (holding that plaintiffs established that their work involved interstate activities where they alleged they used goods on a daily basis that were produced outside New York); Martir v. Huntington Provisions Inc., No. 19 Civ. 2412 (DRH) (AYS), 2020 WL 2736696, at *3 (Apr. 29, 2020), R&R adopted, 2020 WL 2735173 (E.D.N.Y. May 26, 2020) (holding that plaintiff sufficiently pled enterprise coverage where plaintiff used products that originated outside of New York to deliver products to customers and delivered products that were manufactured with ingredients from other states); Villarrubia v. La Hoguera Paisa Rest. & Bakery Corp., No. 18 Civ. 4929 (AMD) (PK), 2020 WL 1678242, at *4 (Mar. 13, 2020), R&R adopted,  2020 WL 1676488 (E.D.N.Y. Apr. 6, 2020) (finding

employment relationship under the FLSA where plaintiffs alleged that defendant "imported food and drinks and engaged vendors and businesses from outside of the State of New York"); Sarmiento Perez v. Comhar Grp. LLC, No. 19 Civ. 0964 (FB) (JO), 2020 WL 1364908, at *4 (Mar. 6, 2020), R&R adopted, 2020 WL 1332200 (E.D.N.Y. Mar. 23, 2020) (finding that plaintiff sufficiently pled enterprise coverage where he pled that items used in the carpentry company were produced outside of New York); Shim v. Millennium Grp., No. 08 Civ. 4022 (FB) (WP), 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009) ("[T]he test is met if employees at [defendant] merely handled supplies or equipment that originated out-of-state.").

Here, Plaintiffs allege that Corporate Defendant "is a business engaged in interstate commerce" that "purchased and handled goods moved in interstate commerce." See ECF No. 1 ¶¶ 14-15. Such allegations are conclusory and merely restate the statutory requirement for FLSA enterprise coverage. The complaint lacks specific factual allegations to support the legal conclusion that Corporate Defendant is engaged in interstate commerce. In fact, there is no general description of Corporate Defendant's business or any goods used by Plaintiffs when working for Corporate Defendant. Even the factual allegations regarding the jobs held by the Plaintiffs fail to establish Corporate Defendant's business.[10] See ECF No. 1 ¶¶ 8-11. Plaintiffs have failed to meet their most basic pleading obligations, yet they rely on this Court to infer multiple facts in their favor. This Court declines to infer Corporate Defendant's business, which

---

[10] Plaintiffs allege that Plaintiff Guanglei Jiao worked as a "Fry Worker and Sortor [sic.]," Plaintiff Ruiji Zhai worked as a "Barbecue Assistant and Miscellaneous worker," Plaintiff Yanjun Li worked as a "Waitress, Cashier and Sanitary Worker," and Plaintiff Nan Yu worked as a "Barbeque Assistant." See ECF No. 1 ¶¶ 8-11. Based on these allegations, this Court could infer that Corporate Defendant operated a restaurant, but no such allegation is present in Plaintiffs' complaint.

is necessary but not sufficient to infer that Corporate Defendant engaged in interstate commerce.[11]

This Court is not alone in requiring more than a conclusory assertion that defendant is a business engaged in interstate commerce.  See, e.g., Jones v. E. Brooklyn Servs. Corp., No. 11 Civ. 1021, 2012 WL 909830, at *1-2 (Feb. 28, 2012) (recommending denial of default judgment motion where the complaint contained "only conclusory statements about interstate commerce"), R&R adopted, 2012 WL 909825 (E.D.N.Y. Mar. 16, 2012).  This Court declines to follow cases to the contrary because they are in tension with the presumption against default and the well-established requirement that factual allegations be well-pleaded to enter default judgment.  See Enron Oil, 10 F.3d 95; Fed. R. Civ. P. 55(b); Gunawan v. Sake Sushi Rest., 897 F. Supp, 2d 76, 85-86 (E.D.N.Y. Sept. 24, 2012) ("[I]nferring an interstate commerce nexus from nothing more than the general description of an employer's business – however likely the conclusion may seem – is in tension with both the presumption against default and the purpose of [Fed. R. Civ. P.] 55.").

---

[11] Some cases in this district have held that the inter-state commerce element has been satisfied despite conclusory allegations.  See, e.g., Cabrera v. Canela, 412 F. Supp. 3d 167, 173-74 (E.D.N.Y. 2019) (collecting cases from this district involving local restaurants in which the court made reasonable inferences regarding the restaurant's business in finding the interstate-commerce element met); Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011) (finding that plaintiff's allegation regarding defendants engaged in "commercial and residential cleaning" is sufficient to establish that defendants constitute an "enterprise" under the FLSA); Siemieniewicz v. CAZ Contracting Corp., No. 11 Civ. 704 (JG) (JO), 2012 WL 5183375, at *8 (Sept. 21, 2012) (noting that the "judges in this district have come to inconsistent conclusions about the extent to which enterprise coverage may be inferred from a pleading's description of an employer's business") (collecting cases), R&R adopted, 2012 WL 5183000 (E.D.N.Y. Oct 18, 2012).

For the foregoing reasons, this Court respectfully recommends finding that Plaintiffs are not covered by the FLSA and denying Plaintiffs' motion for default judgment against Corporate Defendant under the FLSA.

### b. The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiffs' NYLL Claims Against Corporate Defendant At This Time

Given that this Court has recommended denying Plaintiffs' default judgment motion based on the FLSA, only NYLL claims against Corporate Defendant remain on the motion. On the basis that Plaintiffs fail to establish, with well-pleaded facts, Corporate Defendant's liability under the FLSA, this Court respectfully recommends declining to grant Plaintiffs relief under the NYLL.

A court may decline to exercise supplemental jurisdiction over NYLL claims where there can be no relief under the FLSA. See, e.g., 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."); In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 61 (2d Cir. 1998) (affirming district court's decision declining to exercise supplemental jurisdiction over state law claims after dismissing federal claims) (citation and internal quotation marks omitted); Kaplan v. Wings of Hope Residence, Inc., No. 18 Civ. 2972 (ADS) (AKT), 2020 WL 616630, at *12–13 (E.D.N.Y. Feb. 7, 2020) (declining to exercise supplemental jurisdiction over NYLL claims after dismissing FLSA claims); Baguidy v. Boro Transit Inc., 283 F. Supp. 3d 14, 33 (E.D.N.Y. 2017) (same). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness and comity— will point toward declining jurisdiction over the remaining state-law claims.'" In re Merrill Lynch Ltd.

P'ships Litig., 154 F.3d at 61 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).  "[A]s [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  Ross v. Woods, 412 F. App'x 392, 393 (2d Cir. 2011) (quotation omitted and second alteration in original).

Although denial of a default motion does not dismiss Plaintiffs' FLSA claims, Plaintiffs' failure to demonstrate that Corporate Defendant is "an enterprise engaged in commerce" is fatal to Plaintiffs' entitlement to default judgment under the FLSA.  In deciding whether to exercise supplemental jurisdiction over NYLL claims, courts in this district have treated denial of default judgment on a plaintiff's FLSA claims to have the same effect as dismissing the FLSA claims.  See, e.g., Payamps v. M&M Convenience Deli & Grocery Corp., 16 Civ. 4895 (LDH) (SJB), 2018 WL 3742696, at *10-11 (May 18, 2018) (recommending that district court deny default judgment on FLSA claims for failure to plead engagement in interstate commerce and decline to exercise supplemental jurisdiction over remaining NYLL claims) (citations & internal quotation marks omitted), R&R adopted, Docket Order (E.D.N.Y. Sept. 12, 2018); Perez v. Queens Boro Yang Cleaner, Inc., No. 14 Civ. 7310 (SJ) (JO), 2016 WL 1359218, at *4 (Mar. 17, 2016) (recommending that the court decline to exercise supplemental jurisdiction over the remaining state law claim where court recommended against granting default judgment on the FLSA claim), R&R adopted, 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016).

Here, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' NYLL claims against Corporate Defendant.  First, this Court has recommended that the District Judge deny Plaintiffs' default judgment motion with leave for Plaintiffs to amend their complaint and properly serve Defendants.  If Plaintiffs amend the complaint and Defendants continue their

willful default in this action, it is likely that Plaintiffs will again move for a default judgment. Plaintiffs would be better served by a decision that encompasses both federal and state law claims.  Second, as discussed above, Plaintiffs have failed to plead the nature of Corporate Defendant's business.  Not only is such allegation necessary to determine Corporate Defendant's nexus to interstate commerce, but it is also necessary when analyzing Plaintiffs' claims under the NYLL.  For example, Plaintiffs' minimum wage claims are analyzed differently depending on whether Plaintiffs worked in the hospitality industry.  Compare 12 N.Y.C.R.R. § 146-3.5 (stating that "regular rate of pay" for employees in the hospitality industry is calculated by dividing the employees' weekly earnings by the lesser of 40 hours or the actual number of hours worked by that employee during the work week), with 12 N.Y.C.R.R. §§ 141-3.3, 142-2.16 (stating that "regular rate of pay" for employees outside of hospitality industry is calculated by dividing the employee's weekly earnings by the actual number of hours worked by that employee during the work week).  Therefore, judicial economy, convenience and fairness militate against exercising supplemental jurisdiction over Plaintiffs' NYLL claims against Corporate Defendant at this time.

## III.    CONCLUSION

Due to Defendants' willful noncompliance with this Court's Orders, this Court respectfully recommends striking Defendants' answer and entering certificate of default against them.  In light of Plaintiffs' failure to comply with the Service Members Civil Relief Act, this Court also respectfully recommends denying Plaintiffs' motion for default judgment against Individual Defendants.  Further, it is respectfully recommended that Plaintiffs' motion for default judgment against Corporate Defendant be denied on the FLSA claims for failure to demonstrate enterprise coverage, and that the Court decline to exercise supplemental jurisdiction over the NYLL claims against Corporate Defendant in the interest of judicial economy, convenience and fairness.

This Court respectfully recommends that Plaintiffs be given 30 days to file an amended complaint in accordance with, but not limited to, the issues identified above.

## IV.    OBJECTIONS

A copy of this report and recommendation is being provided to Plaintiff's counsel via ECF.  The Clerk of the Court is respectfully requested to mail copies of this report and recommendation to Defendants as follows: Shang Shang Qian Inc. at 3634 Union St., Flushing, NY 11354; Zhaorui Fan at 3634 Union St., Flushing, NY 11354; Meiling Zou at 3634 Union St., Flushing, NY 11354; Meiling Zou at 10005 37th Ave., Apt. 2A, Corona, NY 11368; Yuan Yuan Wu at 113-39 26th Ave., Flushing, NY 11354; Dan Wu at 113-39 26th Ave., Flushing, NY 11354.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period

for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: Brooklyn, New York
          August 11, 2020

_____*Vera M. Scanlon*_____
VERA M. SCANLON
United States Magistrate Judge