```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
                                                                       :
GUANGLEI JIAO, NAN YU, RUIJI ZHAI,                                     :   18-CV-5624 (ARR) (VMS)
and YANJUN LI,                                                         :
                                                                       :   NOT FOR ELECTRONIC
                    Plaintiffs,                                        :   OR PRINT PUBLICATION
                                                                       :
         -against-                                                     :   OPINION & ORDER
                                                                       :
SHANG SHANG QIAN INC.,                                                 :
YUAN YUAN WU a/k/a Andy Wu,                                            :
ZHAORUI FAN, DAN WU a/k/a Stephy Wu,                                   :
and MEILING ZOU a/k/a Denise Zou,                                      :
                                                                       :
                    Defendants.                                        :
                                                                       X
----------------------------------------------------------------------
```

ROSS, United States District Judge:

In this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), on August 11, 2020, I received a report and recommendation ("R&R") from the Honorable Vera M. Scanlon, United States Magistrate Judge, recommending that I grant plaintiffs' motion to strike defendants' answer, enter a certificate of default against defendants, deny plaintiffs' motion for default judgment as to all defendants without prejudice, and give plaintiffs thirty days to amend their complaint. R&R 1–2, ECF No. 58. On August 25, 2020, plaintiffs timely objected. Pls.' Obj., ECF No. 59. They raise three arguments: (1) that the affidavits of service filed satisfy the Servicemembers Civil Relief Act ("SCRA") with regard to defendants Yuan Yuan Wu, Zhaorui Fan, Dan Wu, and Meiling Zou (collectively, the "individual defendants"); (2) that plaintiffs adequately pleaded that Shang Shang Qian Inc. (the "corporate defendant") engaged in interstate commerce; and (3) that it would not serve judicial economy to decline to exercise supplemental jurisdiction over plaintiffs' state law claims. *Id*. at 2–5.

1

Having reviewed the challenged parts of the decision *de novo*, I agree with Judge Scanlon's determinations that plaintiffs violated the SCRA, that the complaint fails to adequately plead that the corporate defendant engaged in interstate commerce, and that the court should decline to exercise supplemental jurisdiction over plaintiffs' NYLL claims. I also found no clear error in the unchallenged portions of the R&R. Accordingly, I grant plaintiffs' motion to strike defendants' answer, enter a certificate of default against defendants, deny plaintiffs' motion for default judgment as to all defendants without prejudice, and give plaintiffs thirty days to amend their complaint.

## BACKGROUND

Plaintiffs Guanglei Jiao, Nan Yu, Ruiji Zhai, and Yanjun Li filed this action on October 9, 2018, alleging several violations of the FLSA and NYLL. *See generally* Compl., ECF No. 1. On February 12, 2020, plaintiffs moved to strike defendants' answer and for entry of a default judgment against all defendants. Mot. to Strike Answer & Render Default J., ECF No. 51. By order dated February 13, 2020, I referred the motion to Judge Scanlon. Order Referring Mot. (Feb. 13, 2020). On August 11, 2020, I received Judge Scanlon's R&R recommending that I grant plaintiffs' motion to strike the answer, enter a certificate of default against defendants, deny plaintiffs' motion for default judgment as to all defendants without prejudice, and give plaintiffs thirty days to amend their complaint. R&R 1. Plaintiffs filed timely objections on August 25, 2020. Pls.' Obj.

## LEGAL STANDARD

When reviewing a magistrate judge's report and recommendation, I "adopt those portions of the report to which no objections have been made and which are not facially erroneous." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002)); *see also* Fed. R. Civ. P. 72 advisory committee's notes to

2

subdivision (b). However, if a party files timely objections, I must "conduct a *de novo* review of any contested sections of the report." *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016), *vacated on other grounds*, 909 F.3d 519 (2d Cir. 2018); *see* 28 U.S.C. § 636(b)(1). Ultimately, I must "arrive at [my] own, independent conclusion about those portions of the magistrate's report to which objection is made." *Silge v. Merz*, No. 05-CV-3648 (GBD), 2006 WL 39632, at *1 (S.D.N.Y. Jan. 6, 2006) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985)), *aff'd*, 510 F.3d 157 (2d Cir. 2007).

## DISCUSSION

### I. Plaintiffs Violated the SCRA.

I agree with Judge Scanlon's conclusion that plaintiffs failed to comply with the SCRA. This statute requires that "before entering [default] judgment for the plaintiff," a plaintiff must "file with the court an affidavit-- (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C.A. § 3931(b)(1). The affidavit "must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." *Pruco Life Ins. Co. of N.J. v. Est. of Locker*, No. 12-CV-882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012) (quoting *Apex Mar. Co. v. Furniture, Inc.*, No. 11–CV–5365, 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012)).

The affidavits of service plaintiffs filed, attached to an attorney declaration from John Troy, do not satisfy these requirements. They state that at the time of service, the process server asked the person accepting service whether the individual defendants were on active military duty and

"received a negative reply." Affs. of Service 6, 11, 16, 21, ECF No. 52-4. But under the SCRA, these affidavits must attest to military service *at the time of default*. Since default cannot occur until long after service of process, affidavits from the time of service, like the plaintiffs', cannot satisfy the SCRA. *See J&J Sports Prods., Inc. v. Vergara*, No. 19-CV-2382 (FB) (VMS), 2020 WL 1034393, at *6 (E.D.N.Y. Feb. 6, 2020), *report and recommendation adopted by* 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020); *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015); *see also Nat'l Bank of Far Rockaway v. Van Tassell*, 36 N.Y.S.2d 478, 480 (Sup. Ct. 1942) (holding that "any affidavit made prior to . . . default clearly fails to meet the requirements" of the SCRA's predecessor statute). That fact alone requires that I deny plaintiffs' motion for default judgment as to the individual defendants.

Plaintiffs object that they did not violate the SCRA because defendants never raised any service of process issues in their answer. Pls.' Obj. 2. But the SCRA governs procedures at the default judgment stage—not at the service of process stage. Plaintiffs also claim they had "good reason to believe" the process server's statements regarding defendants' military service remained true at the time of default, especially because the individual defendants last spoke to their former counsel in September 2019 and were not serving in the military then. *Id.* at 2–3. While in substance it may seem unlikely that the individual defendants were actively serving in the military at the time of default, that does not absolve plaintiffs from complying with the *procedural* requirements of the SCRA.

Additionally, plaintiffs' attempts to distinguish the cases Judge Scanlon relied on fail. Just like the affidavits at issue here, the affidavit the court found insufficient in *Bhagwat* averred to the defendant's military status only at the time of service. *See* Aff. of Service, *Bhagwat*, No. 14-CV-5474 (ENV) (PK), ECF No. 26-6; *Bhagwat*, 2015 WL 13738456, at *1. While the representations

4

in the affidavit at issue in *Uribe v. Nieves* turned out to be false, the court held that conclusory statements do not sufficiently support an affidavit under the SCRA as a matter of law. *See* No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1–2 (E.D.N.Y. Sept. 26, 2018).

Thus, I agree with Judge Scanlon's conclusion that plaintiffs violated the SCRA and deny their motion for default judgment as to the individual defendants without prejudice on this basis. If plaintiffs choose to amend their complaint and move for default judgments again, I suggest they obtain certificates from the Department of Defense's SCRA website: https://scra.dmdc.osd.mil/scra/#/home. *See J&J Sports Prods.*, 2020 WL 1034393, at *6 n.9; *Bhagwat*, 2015 WL 13738456, at *1 n.1.

**II.     Plaintiffs Failed to Adequately Plead Enterprise Coverage.**

I agree with Judge Scanlon that plaintiffs did not include any facts in their complaint supporting their conclusory statements that the corporate defendant engages in interstate commerce, and thus I deny their motion for default judgment on their FLSA claims as to the corporate defendant without prejudice.

In analyzing a complaint at the default judgment stage, "a court is required to accept all of the [plaintiffs'] factual allegations as true and draw all reasonable inferences in [their] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). To establish enterprise coverage under the FLSA, plaintiffs here must adequately plead that a corporate defendant engages in interstate commerce. *See* 29 U.S.C. § 203(b), (s)(1)(A)(i)–(ii). Support for this allegation could be as simple as showing the business handles goods produced out of state. *See, e.g.*, *Martir v. Huntington Provisions Inc.*, No. 19-CV-2412 (DRH) (AYS), 2020 WL 2736696, at *3 (Apr. 29, 2020), *report and recommendation adopted by* 2020 WL 2735173 (E.D.N.Y. May 26, 2020). Courts may infer from the nature of a business that it engages in interstate commerce, and many have made this

inference for restaurants. *See, e.g.*, *Cabrera v. Canela*, 412 F. Supp. 3d 167, 173–74 (E.D.N.Y. 2019) (collecting cases from this district involving local restaurants in which the court made reasonable inferences regarding the restaurant's business in finding the interstate-commerce element met).

Plaintiffs' allegations, however, do not support even a reasonable inference that the corporate defendant engages in interstate commerce. Plaintiffs merely re-state the legal standard at issue without providing any supporting facts. *See* Compl. ¶¶ 14–15 ("Shang Shang Qian is a business engaged in interstate commerce . . . . SHANG SHANG QIAN INC d/b/a Shang Shang Qian purchased and handled goods moved in interstate commerce."). While I may reasonably infer that a restaurant engages in interstate commerce, as Judge Scanlon notes, nowhere in their complaint do plaintiffs even allege the corporate defendant is a restaurant. R&R 22 n.10. Plaintiffs ask me to infer from their job descriptions as "fry cooks, ingredient sorters, barbecue assistants, waitresses, cashiers, and cleaners" that the corporate defendant is a restaurant. Pls.' Obj. 4 (citing Compl. ¶¶ 8–11, 43, 55, 69, 88). But if plaintiffs' complaint were well pleaded, then I would not need to make a series of inferences to reach the simple conclusion that the defendant was engaged in interstate commerce. For this reason, I deny the plaintiffs' motion for default judgment under the FLSA as to the corporate defendant without prejudice.

### III.   I Decline to Exercise Supplemental Jurisdiction over Plaintiffs' NYLL Claims.

I agree with Judge Scanlon that I should decline to exercise supplemental jurisdiction over plaintiffs' NYLL claims against the corporate defendant at this time. Plaintiffs do not challenge that a court may decline to exercise supplemental jurisdiction over state law claims at the default judgment stage if it denies default judgment as to all federal claims—so long as doing so serves "judicial economy, convenience, fairness and comity." *In re Merrill Lynch Ltd. P'ships Litig.*, 154

F.3d 56, 61 (2d Cir. 1998) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Rather, they claim taking this tack here would not serve judicial economy because it would require them to bring a new case in state court, where they likely will seek another default judgment. Pls.' Obj. 5. But Judge Scanlon's recommendation does not have that result. Declining to exercise supplemental jurisdiction at this stage just means I choose not to decide the merits of plaintiffs' NYLL claims against the corporate defendant in this opinion to avoid "[n]eedless decisions of state law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Nevertheless, plaintiffs will have thirty days to amend their complaint to address deficiencies in their pleadings as to both their FLSA and NYLL claims. They are free to seek default judgments again on all claims if defendants remain absent from this litigation.

## CONCLUSION

For the foregoing reasons, I adopt the R&R in full. Accordingly, I grant plaintiffs' motion to strike defendants' answer, enter a certificate of default against defendants, deny plaintiffs' motion for default judgment as to all defendants without prejudice, and allow plaintiffs to amend their complaint within thirty days.

SO ORDERED.

\_\_\_\_/s/_____
Allyne R. Ross
United States District Judge

Dated: August 31, 2020
Brooklyn, New York