UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
GUANGLEI JIAO, NAN YU, RUIJI ZHAI,          :
and YANJUN LI, on their own behalves and    :
on behalf of others similarly situated,      :
                                             :
                           Plaintiffs,       :
                                             :
              -against-                      :
                                             :
SHANG SHANG QIAN INC., YUAN                  :
YUAN WU a/k/a ANDY WU, ZHAORUI              :
FAN, DAN QU a/k/a STEPHY WU, and            :
MEILING ZOU a/k/a DENISE ZOU,               :
                                             :
                           Defendants.       :
--------------------------------------------------------x

**MEMORANDUM & ORDER**
18 Civ. 5624 (DG) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiffs Guanglei Jiao, Nan Yu, Ruiji Zhai and Yanjun Li ("Plaintiffs") bring this wage-

and-hour action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§§ 201 et seq.,

and the New York Labor Law ("NYLL") §§ 650 et seq., individually and on behalf of other

persons similarly situated, against Corporate Defendant Shang Shang Qian, Inc., a restaurant

doing business at relevant times at 36-34 Union Street, Flushing, New York 11354 ("Corporate

Defendant"), and against Individual Defendants Yuan Yuan Wu a/k/a Andy Wu, Zhaorui Fan,

Dan Qu a/k/a Stephy Wu, and Meiling Zou a/k/a Denise Zou ("Individual Defendants"). See

ECF No. 67, passim.

Before the Court is Plaintiffs' unopposed motion for conditional certification of an FLSA

collective seeking an order directing Defendants to produce identifying, contact and other

information about their proposed class of potential plaintiffs, as well as a Court-authorized

Notice of Lawsuit ("Notice") and Consent to Join Lawsuit Form ("Consent Form") for Plaintiffs

to send to potential plaintiffs. See ECF Nos. 74, 78.

1

For the reasons stated below, Plaintiffs' motion for conditional certification of an FLSA collective is granted in part and denied in part.

## I.     Background

What follows are facts drawn from Plaintiffs' operative pleading, motion and overall record pertinent to the Court's analysis of the instant motion.

According to Plaintiffs, Defendants employed them at the restaurant Shang Shang Quian, 36-34 Union Street, Flushing, NY 11354, for various lengths of time and in different jobs.  For example, Defendants employed (1) Ms. Li as a waitress, cashier and cleaner from June 2, 2016, through September 18, 2018; (2) Ms. Yu as a barbecue assistant from September 6, 2016, through September 18, 2018; (3) Mr. Jiao as a fry wok cook from May 31, 2017, through September 18, 2018; and (4) Mr. Zhai as a barbecue assistant and miscellaneous kitchen worker from June 1, 2017, through September 18, 2018.  In this time, Plaintiffs allege that Defendants had a policy and practice of failing to pay them minimum wage, failing to pay them overtime premiums and/or illegally retaining their tips in violation of their individual rights and the rights of Defendants' other similarly situated employees.  See ECF No. 67, passim.

On October 9, 2018, Plaintiffs commenced the instant action which, in relevant part, alleges individual FLSA claims against Defendants as well as allegations on behalf of similarly situated individuals in support of an FLSA collective.  See ECF No. 1.

Although Corporate Defendant has not filed for bankruptcy, it has allegedly ceased operations and been "defunct" since 2019 without any individual to act on its behalf.  See ECF No. 79; ECF No. 87 at 11.  On December 18, 2020, all four Individual Defendants declared personal bankruptcy, and the instant action became the subject of an automatic stay as to them.  See In re Wu, No. 20-44314-jmm (Bankr. E.D.N.Y. Dec. 18, 2020); In re Zou, No. 20-44315-

2

jmm (Bankr. E.D.N.Y. Dec. 18, 2020); In re Fan, No. 1-20-44317-jmm (Bankr. E.D.N.Y. Dec.

18, 2020). Plaintiffs and Plaintiffs' counsel thereafter successfully applied to partially lift the

automatic stay in Bankruptcy Court filings identifying themselves as the movants. See In re Wu,

No. 20-44314-jmm, ECF Nos. 16-17; In re Zou, No. 20-44315-jmm, ECF No. 16; In re Fan, No.

20-44317-jmm, ECF Nos. 11-12. In the Bankruptcy Court's orders granting the motions, it

defined the moving Creditors as Mr. Jiao, Ms. Yu, Mr. Zhai, Ms. Li and their counsel (but did

not include the potential opt-in plaintiffs in this action in that definition), and it vacated the

automatic stay of the instant action to permit the litigation to proceed "for the purpose of

determining any amount of Creditors' claim" against Individual Defendants. In re Wu, No. 20-

44314-jmm, ECF No. 26 (emphasis added); In re Zou, No. 20-44315-jmm, ECF No. 22 (same);

In re Fan, No. 20-44317-jmm, ECF No. 27 (same).

Plaintiffs have moved for conditional certification of their proposed FLSA collective.

See ECF Nos. 74, 78. Although Defendants were represented by counsel, Corporate Defendant

did not oppose, and each Individual Defendant submitted an affirmation stating that they did not

oppose the motion. See ECF No. 77.

After Plaintiffs' motion for conditional certification was submitted unopposed,

Defendants' counsel moved to withdraw from the case, representing that Defendants intended to

focus on litigating their bankruptcies and that they may cease defending themselves in this

action. See ECF No. 79. The Court held related proceedings and granted the withdrawal

motion, leaving Defendants unrepresented. See Dkt. Entry 6/9/2021; ECF No. 87. At that same

appearance and a later one attended by Individual Defendants representing themselves pro se and

with their bankruptcy counsel Alan C. Stein, Esq., participating as a courtesy to the Court to

provide status information about the bankruptcy proceedings, the Court informed Individual

Defendants that Plaintiffs could commence default proceedings against them if they failed to defend themselves in this action, with a default judgment potentially being entered against them. See Dkt. Entry 6/9/2021; ECF No. 87 at 17-19; Dkt. Entry 8/4/2021.  The Court also provided notice that the Corporate Defendant could not appear in the action pro se and that, if it continued without representation, Plaintiffs could commence default proceedings against it.  See id.

## II.    Standards For Motion For Conditional Certification Of An FLSA Collective

The FLSA provides a private right of action for violations of the statute "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  The Supreme Court has held that "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."  Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 170 (1989); see Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 70 n.1 (2013) (characterizing section 216(b) as a "joinder process").

The Second Circuit has endorsed a two-step method to determine whether a case should proceed as a collective action under FLSA.  See Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010).  In the first step, which corresponds to the conditional certification stage, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs."  Id. at 555.  Plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  Id. (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).  "Courts do not require a named plaintiff to show an actual FLSA violation,

4

but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007); see Jackson v. N.Y. Telephone Co., 163 F.R.D. 429, 432 (S.D.N.Y.1995) (stating that "plaintiffs are only required to demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme").  The "similarly situated" analysis is "quite distinct" from "the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes." Hertz, 624 F.3d at 555-56.  Mere "unsupported assertions" are not sufficient to pass the first step, but it "should remain a low standard of proof because the purpose of the first stage is to merely to determine whether 'similarly situated' plaintiffs do in fact exist." Id. at 555 (quoting Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991)).  The Second Circuit has recently elaborated the "similarly situated" standard to mean that "named plaintiffs and opt-in plaintiffs are alike with regard to some material aspect of their litigation." Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 516 (2d Cir. 2020).  "[I]f named plaintiffs and party plaintiffs share legal or factual similarities material to the disposition of their claims, 'dissimilarities in other respects should not defeat collective treatment.'" Id. (quoting Campbell v. City of Los Angeles, 903 F.3d 1090, 1114 (9th Cir. 2018)).

An employee cannot become a party to such an action, however, unless he or she provides consent, in writing, and such consent is filed in the court where the action is pending. See Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) ("[O]ther employees can become plaintiffs, . . . only by affirmatively acting to do so.").  Courts have discretion to authorize sending notice to potential plaintiffs in a collective action at the conditional certification stage upon a plaintiff's demonstration that potential class members are "similarly

situated."  Id. at 267 (citing Sbarro, 982 F. Supp. at 261); see Hoffman-LaRoche, 493 U.S. at 169 ("[D]istrict courts have discretion, in appropriate cases, to implement [Section 216(b)] by facilitating notice to potential plaintiffs."); Sobczak, 540 F. Supp. 2d at 362 (citation omitted).

Following the distribution of the notice, the completion of any opt-in period, and any additional discovery, the court proceeds to the second step of the two-part Section 216(b) inquiry.  "[A]t the second stage, the district court will, on a fuller record, determine . . . whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."  Hertz, 624 F.3d at 555.

### III.  Discussion

At the preliminary stage of an FLSA collective certification, "whether [the plaintiff] will eventually succeed on the merits of his FLSA claim is immaterial."  Jeong Woo Kim, 985 F. Supp. 2d at 447 (citing Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (finding that courts must not "weigh the merits of the underlying claims" at the preliminary certification stage); see LeGrand v. Educ. Mgmt. Corp., No. 03 Civ 9798 (HB) (HBP), 2004 WL 1962076, at *2 (S.D.N.Y. Sept. 2, 2004).  Courts "need not engage in [a merit] inquiry" at the first step of the conditional certification of an FLSA collective.  Jeong Woo Kim, 985 F. Supp. 2d at 447.  Indeed, because a court "must take care to avoid even the appearance of judicial endorsement of the merits" of an action at this stage, Hoffmann-La Roche, 493 U.S. at 174, a "court may not 'resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations[,]'" Jeong Woo Kim, 985 F. Supp. 2d at 447 (quoting Lynch, 491 F. Supp. 2d at 368).

Here, given that Defendants do not oppose Plaintiffs' affidavits and arguments that potential plaintiffs are similarly situated to Plaintiffs, Defendants have conceded the point.  See

ECF No. 74-5 (Mr. Jiao affidavit); ECF No. 74-6 (Ms. Yu affidavit); ECF No. 74-7 (Ms. Zhai affidavit); ECF No. 74-8 (Ms. Li affidavit); ECF No. 74-10 (Plaintiffs' memorandum).  The Court, having reviewed Plaintiffs' submissions, finds that Defendants' current and former non-exempt employees employed at the restaurant Shang Shang Qian at 36-34 Union Street, Flushing, New York 11354, from October 9, 2015, to the present are similarly situated to Plaintiffs such that Plaintiffs' motion for conditional certification of an FLSA collective may be granted.

In connection with the Court's conditional certification of an FLSA collective for potential plaintiffs, the parties must follow the following instructions using the Court-authorized Notice and Consent Form attached to this Order as Exhibit A.  The Court largely adopts Plaintiffs' proposed content for these instructions, notice and consent form, with some modifications discussed below.  See ECF No. 74-3 (Plaintiffs' proposed notice and consent form); ECF No. 74-4 (Plaintiff's proposed order).

The Court has modified the Notice and Consent Form so that potential plaintiffs must send their opt-in forms to the Court and not to Plaintiffs' counsel; this procedure avoids potential disputes regarding the timeliness of opt-ins and reinforces that opt-in plaintiffs may seek their own counsel and are not required to retain Plaintiffs' attorneys.  See Gomez v. Terri Vegetarian LLC, No. 17 Civ. 213 (JMF), 2017 WL 2628880, at *3 (S.D.N.Y. June 16, 2017) ("To avoid disputes over timeliness, potential opt-in plaintiffs shall be required to send their consent forms directly to the [c]lerk of [c]ourt rather than to [p]laintiff's counsel."); Brabham v. Mega Tempering & Glass Corp., No. 13 Civ. 54 (JG), 2013 WL 3357722, at *7 (E.D.N.Y. July 3, 2013) (ordering that opt-in forms be returned to the court as the alternative approach could "discourage[ ] potential opt-in plaintiffs from seeking outside counsel" and delay tolling of the

statute of limitations).  For similar reasons, the Court does not allow Plaintiffs' proposed creation of a page on his counsel's Web site for potential plaintiffs to electronically submit a Consent Form.  See ECF No. 74-4 ¶ 13; Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 464 (E.D.N.Y. 2014) (denying the plaintiffs' request to publish notice on a Web site so that potential plaintiffs could submit consent forms online "given the [c]ourt's finding . . . that consent forms should be returned to the [c]lerk of the [c]ourt"); McBeth v. Gabrielli Truck Sales, Ltd., 768 F. Supp. 2d 396, 401 (E.D.N.Y. 2011) (declining to include even the plaintiffs' counsel's Web site address in court-authorized notice because it was superfluous in light of all other notice and contact information provided).

The Court also amends the time for opt-in plaintiffs to join so that it is sixty (60) days instead of the ninety (90) days that Plaintiff requested.  See ECF No. 74-3 ¶ 7.  Courts often grant 60-day opt-in periods, and it is adequate here, where the record suggests that the proposed collective is modest in number.  See ECF Nos. 74-5 through 74-8 (the four named Plaintiffs' affidavits collectively alleging knowledge of ten other similarly situated employees); Quiang Lu v. Purple Sushi, Inc., 447 F. Supp. 3d 89, 98 (S.D.N.Y. 2020) (collecting cases).  Although equitable tolling is not routinely granted, the Court finds that it is appropriate here given the COVID-19 pandemic and Plaintiffs' argument that it would be unfair to count time against potential plaintiffs for the period the conditional certification motion was pending.  See ECF No. 74-10 at 23-24.  The limitations period is tolled from the date Plaintiff made his conditional certification motion until sixty (60) days from the date of the first mailing.

In light of the foregoing, the Court hereby Orders that Plaintiffs' conditional certification motion for an FLSA collective is granted as to potential plaintiffs and the alleged wage-and-hour violations upon the following terms:

1.      The collective action notice and consent to joinder form entitled "Court Authorized Notice of 29 U.S.C. § 216(b) Collective Action" ("Notice and Consent Form"), modified from the proposed submission at ECF No. 74-3 and attached to this Order as Exhibit "A," is hereby approved for dissemination to potential plaintiffs; and

2.      The collective of potential plaintiffs in this matter that is conditionally certified shall consist of all Defendants' current and former non-exempt employees employed at the restaurant Shang Shang Qian at 36-34 Union Street, Flushing, New York 11354, from October 9, 2015 (three years prior to the filing of the Complaint), to the date of this Order; and

3.      Defendants shall provide to Plaintiffs' counsel, to the extent available, the following information for all potential plaintiffs as identified in ¶ 2, supra: unique numerical identifier; full names (first name, last name, name in native language and any known nickname); sex; position title; last known mailing address with apartment number (if applicable), city, state and zip code; start date of employment; and end date of employment.  This information shall be supplied to Plaintiffs' counsel within thirty (30) days of this Order digitally in a Microsoft Excel spreadsheet with an affidavit from Defendants certifying that it is complete from their records. Plaintiffs and counsel will treat this information as confidential; and

4.      Plaintiffs' counsel shall mail the Notice and Consent Form to all potential plaintiffs no later than thirty (30) days from their receipt of Defendants' information as described in ¶ 3, supra.  They shall cause a copy of the Notice and Consent Form to be mailed by first class to potential plaintiffs in relevant languages, including English and Chinese.  Plaintiffs' counsel may also mail a reminder Notice and Consent Form to potential plaintiffs who have not submitted a Consent Form by the thirtieth (30th) day from the date of Plaintiffs' first mailing.  In the event Plaintiffs' counsel elects to send such a reminder Notice and Consent Form, it must state the date of Plaintiffs' first mailing and state that the opt-in deadline is sixty (60) days from that date as discussed in ¶ 8, infra; and

5.      Plaintiffs are to provide a certified translation of the Chinese-language version of the Notice and Consent Form to Defendants within ten (10) days of this Order, and Defendants must raise any objection to that translation within ten (10) days of receipt or objections shall be waived.  In the event Defendants raise a timely objection and the parties cannot resolve the dispute, the parties must raise the matter with this Court within ten (10) days of that date.  In the event a dispute is raised with the Court regarding the Chinese-language translation of the Notice, all other deadlines set forth in this Order shall be stayed pending the Court's resolution of that dispute, and an appropriate application should be made for the Court to consider enlarging the schedule in connection with its resolution of that dispute; and

6.      In the event Defendants fail to furnish required discovery as detailed herein, or if more than 20% of mailed Notices are returned to Plaintiffs' counsel as undeliverable with no forwarding address, Plaintiffs may make an application to the Court to permit Plaintiffs to also obtain additional discovery from Defendants regarding potential plaintiffs for proposed dissemination of the Notice and Consent Form or an abbreviated version to potential plaintiffs via alternate means.  In such event, Plaintiffs are to file their motion with a proposed supplemental dissemination and any abbreviated form of the Notice within ten (10) days of the

trigger event.  In the event Plaintiffs makes such an application, the deadlines set forth in this Order shall be stayed pending the Court's resolution of that application and appropriate request should be made for the Court to consider enlarging the schedule in connection with its resolution of that application; and

7.      Defendants shall post a copy of the Notice in both English and Chinese in a conspicuous and unobstructed location at Shang Shang Qian, 3810 Prince Street, Flushing, New York 11354, where it is likely to be seen by all currently employed potential plaintiffs, and the notice shall remain posted throughout the opt-in period.  If, as the record has suggested, the restaurant Shang Shang Qian is closed and without operations such that Defendants are unable to post the Notice, Defendants are not required to post the Notice pursuant to this paragraph; and

8.      Potential plaintiffs must mail or otherwise deliver their Consent Form to join the action with the Court within sixty (60) days from when the first notice is mailed; and

9.      The statute of limitations applicable to this action shall be equitably tolled from January 8, 2021, which is the date Plaintiffs filed the instant conditional certification motion, through sixty (60) days after the first mailing of the notice (and not from the date of the second reminder notice).

The Court makes two additional observations.  First, as discussed in Section I, supra, it has been suggested that Defendants in this action may cease defending this action and default. Although Defendants have not defaulted at this writing, some courts have allowed the conditional certification of FLSA collectives against defendants in a default posture.  See, e.g., Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114 (E.D.N.Y. 2011) (granting motion for conditional certification of collective FLSA action made against defaulting defendants); id. at 129 (collecting cases where "[c]ourts in other jurisdictions facing this same procedural setting have granted motion for conditional class certification under the FLSA"); Davis v. Precise Commc'n Servs., Inc., No. 17 Civ. 3128 (JOF), 2009 WL 812276, at *1-2 (N.D. Ga. Mar. 27, 2009) (holding that the defendant's default "does not fundamentally change the analysis the courts must undertake" regarding the plaintiffs' motion to conditionally certify collective FLSA action due to "issues of judicial economy"); Sniffen v. Spectrum Indus. Servs., No. 06 Civ. 622 (GLF), 2007 WL 1341772 (S.D. Oh. Feb. 13, 2007) (conditionally certifying collective action

against defaulting defendants and ordering them to produce related discovery).[1]  Although the Court notes this issue, it is not ripe, so it does not impact this Order.

Second, an FLSA collective action "notice has no independent legal significance," and thus, "[r]egardless of whether an action is certified and notice is sent," a defendant whose automatic stay has not been lifted with respect to potential opt-in plaintiffs who have not joined as collective action members retain an expectation that he or she will face suit only from those who timely consent to opt in, timely file their claims and obtain their own independent relief from the automatic stay to litigate as parties to an amended complaint.  See Huer Hang v. Shanghai City Corp., No. 19 Civ. 7702 (LJL), 2020 WL 5849099, at *14 (S.D.N.Y. Oct. 1, 2020); see, e.g., Julian v. Metropolitan Life Ins. Co., No. 17 Civ. 957 (AJN), 2021 WL 1226749, at *6 n.3 (S.D.N.Y. Mar. 31, 2021) (stating that conditional certification of an FLSA collective with notice sent "has no bearing on [a plaintiff's] obligations to timely file their claims" and disclose them to a bankruptcy court as a creditor); Baca v. 24 Hour Laundromat, No. 15 Civ. 6706 (JFB) (ARL), 2017 WL 1216574, at *1 (E.D.N.Y. Mar. 31, 2017) (collecting cases for the proposition that default judgment cannot enter for opt-in collective action members without an

---

[1] At the same time, the Court notes that cases in which a defendant is in default may present particular ethical or logistical issues pertaining to conditional certification which an FLSA plaintiff's counsel might find appropriate to disclose to his or her client in deciding whether to pursue such a motion.  For example, where a defendant who has defaulted in part due to insolvency, a named plaintiff might find it relevant to consider whether it is in his or her best interest to seek to certify an FLSA collective given collectability concerns in the event of even an individual judgment.  Further, pursuing collective action discovery from defaulting defendants could significantly extend litigation for a named plaintiff who might otherwise wish to move directly for an individual default judgment on a shorter timeline because "[f]ederal courts have consistently held that a defaulting defendants should be treated as a non-party with respect to any discovery sought."  LaBarbera v. Pass 1234 Trucking, Inc., No. 04 Civ. 1364 (SJ) (MDG), 2008 WL 2564153 (E.D.N.Y. June 25, 2008) (citing cases); see, e.g., Cartier v. Geneve Collections, Inc., No. 07 Civ. 201 (DLI) (MDG), 2008 WL 1924921 (E.D.N.Y. Apr. 29, 2008) (stating that "for discovery purposes, courts have consistently held that a defaulting defendant should be treated as a non-party").

amended complaint specifically naming them as parties); Almighty Cleaning, 784 F. Supp. 2d at 133 ("After the time for opting in has expired, plaintiff shall amend his complaint to include all individuals who have consented to joining the FLSA action and the amended complaint shall be served upon the defendants.").  The Court notes these principles to find that conditional certification of the FLSA collective for the purposes of discovery and notice does not run afoul of Individual Defendants' automatic stay which, as noted in Section I, supra, the Bankruptcy Court lifted only with respect to the moving Creditors, defined as Mr. Jiao, Ms. Yu, Mr. Shai, Ms. Li and their counsel, "for the purpose of determining any amount of Creditors' claim" against Individual Defendants.  In re Wu, ECF No. 26 (emphasis added); see In re Zou, ECF No. 22 (same); In re Fan, ECF No. 27 (same).  In other words, this Order's discovery and notice instructions do not affect the litigation steps required of a potential plaintiff who seeks joinder as a party to this action and as to whom the automatic stay may still apply.

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs' motion for conditional certification of an FLSA collective is granted in part and denied in part.  The parties are directed to follow the Court's instructions and use the Court-authorized Notice and Consent Form.  See Exh. A.

Dated:  Brooklyn, New York
    September 24, 2021

*Vera M. Scanlon*
    VERA M. SCANLON
    United States Magistrate Judge