TROY LAW, PLLC
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
GUANGLEI JIAO,
NAN YU,
RUIJI ZHAI, and
YANJUN LI,
*on their own behalf and on behalf of others similarly situated*
Plaintiffs,

v.

SHANG SHANG QIAN INC
    d/b/a Shang Shang Qian;
YUAN YUAN WU
    a/k/a Andy Wu,
ZHAORUI FAN,
DAN WU
    a/k/a Stephy Wu, and
MEILING ZOU
    a/k/a Denise Zou
CHULAIZHADAO INC
SONGYUE JIN
    a/k/a Song Yue Jin
                   Defendants.
-----------------------------------------------------------X

Case No. 18-cv-05624

**DECLARATION OF JOHN TROY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE *PRO SE* DEFENDNATS ANSWER AND RENDER DEFAULT**

      JOHN TROY, an attorney admitted to practice law in the State of New York and before the United States District Court for the Eastern District of New York, hereby affirms under penalty of perjury that:

1. I am the principal of Troy Law, PLLC, attorney for the Plaintiffs and present this Declaration in Support of Plaintiffs Motion to Strike *Pro Se* Defendant Zhaorui Fan answer and render him in default pursuant to Fed. R. Civ. P. 37(b) or in the alternative

Fed. R. Civ. P. 41(a).

2. The court should find that *Pro Se* Defendant Zhaorui Fan has failed to engage in any discovery with plaintiff in the above referenced matter and his answer should be stricken pursuant to Rule 37(b) as a discovery sanction.

3. On September 5, 2023, the court granted the parties one last extension of time to complete discovery in the matter up to and including October 20, 2023. *See* Order Dated September 5, 2023.

4. With the extension of time, plaintiff served their Deposition notice on *pro se* defendant Zhaorui Fan and also a No Objection Letter for his failure to sufficiently respond to plaintiffs' discovery request that were served on him. *See* Exhibit 1-3.

5. Plaintiff had further set up a meet and confer in the above referenced natter due to *pro se* defendant's deficiencies on September 20, 2023. *Pro Se* defendant failed to appear at the meet and confer that was scheduled.

6. On September 28, 2023, plaintiff sent *pro se* defendant the deposition link for his deposition scheduled on October 9, 2023, in the matter. *Pro Se* Defendant failed to confirm his attendance or if he needed an interpreter for his deposition and on October 9, 2023, plaintiff emailed *pro se* defendant stating that his deposition was cancelled due to his failure to confirm his attendance. *See* Exhibit 4.

7. Plaintiff reached out to *Pro Se* Defendant one last time to attempt to set up a meet and confer with *pro se* defendant but to no avail *pro se* defendant did not respond to plaintiff's email. *See* Exhibit 5.

8. With what plaintiff has explained above the court should find that *pro se* defendant has failed to engage in any discovery with plaintiff and also has failed to cure his deficient

responses.

9. Plaintiff has tried to engage with *pro se* defendant at all times for him to cure his responses and engage in discovery but *pro se* defendant has shown time and time again that he does not want to engage in any discovery with plaintiff and therefore their court should strike *pro se* defendant Zhaorui Fan's answer and render him in default.

10. If the court is not inclined to Strike *pro se* defendant Zhaorui Fan's answer then the court must dismiss him for his failure to prosecute under Rule 41(a).

11. As plaintiff has stated since September 2023, *pro se* defendant has not done anything to better his defenses in the case and due to his lack of engagement the court must find that he has failed to defendant his claims.

12. The court should find that defendant meets the five prong test established to dismiss someone pursuant to Rule 41(a) and defendants failure to engage in any discussion with plaintiff or the court since September 2023, should clearly state that *pro se* defendant has abandoned his claims.

13. For the reasons stated above and more in depth with plaintiffs Memorandum of Law in Support, this court should strike *pro se* defendant Zhaorui Fan answer pursuant to Rule 37(b) or in the alterative dismiss him for his failure to defendant pursuant to Rule 41(a)

Dated:   February 10, 2024
        Flushing, New York

                                              Respectfully submitted,
                                              Troy Law, PLLC.

                                              *Attorneys for Plaintiffs*

                                         By:   /s/John Troy
                                                  John Troy, Esq.