UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GUANGLEI JIAO, NAN YU, RUIJI ZHAI and  :
YANJUN LI,                             :
                                       :
            Plaintiffs,                :         **REPORT AND**
                                       :         **RECOMMENDATION**
      -against-                        :
                                       :         18 Civ. 5624 (HG) (VMS)
SHANG SHANG QIAN INC., YUAN YUAN       :
WU a/k/a/ ANDY WU, ZHAORUI FAN, DAN    :
WU a/k/a STEPHY WU, MEILING ZOU a/k/a  :
DENISE ZOU, CHULAIZHADAO INC., and     :
SONG YUE JIN,                          :
                                       :
            Defendants.                :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

This is an action to recover damages for alleged violations of the Fair Labor Standards

Act, 29 U.S.C. §§ 201 et seq., and the New York Labor Law, N.Y. Lab. L. §§ 190 et seq.; 650 et

seq. and the corresponding New York regulations (the "NYLL"), and the New York Debtors &

Creditors Law, N.Y. Debt. & Cred. L. § 273 (the "NYDCL"). Before the Court on referral from

the District Court is pro se Defendant Zhaorui Fan ("Mr. Fan")'s motion for summary judgment,

which the Court will construe as a motion to dismiss under Federal Rules of Civil Procedure

("Rules") 12(b)(2), 12(b)(5) and 12(b)(6). For the reasons set forth below, the Court respectfully

recommends that Mr. Fan's motion be denied.

## I.    BACKGROUND

This litigation spans several years and includes separate, related proceedings both in this

Court and in the United States Bankruptcy Court for the Eastern District of New York. The

Court assumes the parties' familiarity with the factual background and procedural history and

will only recite the facts of this case relevant to the instant motion.

1

A.     **Factual Background**

The following facts are taken from the Amended Consolidated Complaint ("ACC"), filed on the docket at ECF No. 104.  All facts are accepted as true for the purposes of this motion only.  See Lynch v. City of New York, 952 F.3d 67, 74-75 (2d Cir. 2020).

Plaintiffs Guanglei Jiao ("Mr. Jiao"), Nan Yu ("Mr. Yu"), Ruiji Zhai ("Mr. Zhai") and Yanjun Li ("Ms. Li") (collectively, "Plaintiffs") each worked at Defendant Shang Shang Qian, Inc. ("SSQ"), a Chinese restaurant in Flushing, New York.  See ACC ¶¶ 14-18.  Individual Defendants Yuan Yuan Wu a/k/a/ Yuan Yuan Wu a/k/a Andy Wu ("Mr. Wu"), Mr. Fan, Dan Wu a/k/a/ Stephy Wu ("Ms. Wu") and Meiling Zou a/k/a Denise Zou ("Ms. Zou") (collectively, the "Original Individual Defendants") were each owners, directors, managers and/or officers of SSQ. See id. ¶¶ 25-42.

Plaintiffs all reported working long hours at SSQ for flat wages.  Mr. Jiao worked at SSQ as a cook from 2017 to 2018, during which time he worked for over eleven hours per day, seven days per week, earning no more than $3,300 per month.  See id. ¶¶ 56-63.  Mr. Zhai worked at SSQ as a barbecue assistant and kitchen worker from 2017 to 2018, during which time he worked for over eleven hours per day, seven days per week, earning no more than $95 per day. See id. ¶¶ 68-78.  Ms. Li worked at SSQ as a server, cashier and cleaner from 2016 to 2018, during which time she worked for up to eleven hours per day, seven days per week, earning no more than $9 per hour, without tips.  See id. ¶¶ 82-96.  Mr. Yu worked at SSQ as a barbecue assistant from 2016 to 2018, during which time he worked for over eleven hours per day, seven days per week, earning no more than $120 per day.  See id. ¶¶ 101-112.  Plaintiffs were not paid overtime or spread-of-hours premiums for their hours worked.  See id. ¶¶ 64, 67, 79, 81, 91, 100, 113, 116.

2

Plaintiffs all ceased working for SSQ in September 2018. See id. ¶¶ 14-17. SSQ closed in November 2019. See id. ¶ 123.

On November 7, 2021, Mr. Fan approached Mr. Zhai in a Flushing, New York, parking lot. See id. ¶ 117. Mr. Fan told Mr. Zhai that he had investigated Mr. Zhai, Mr. Jiao and Mr. Jiao's family. See id. ¶ 118. Mr. Fan also told Mr. Zhai that Mr. Wu was "very mad" about the instant litigation, that after this litigation concluded, Mr. Jiao would "disappear" and Ms. Li would be arrested, and that Mr. Fan could keep Mr. Zhai and Mr. Yu "'safe' from unspecified consequences" if Plaintiffs discontinued this litigation and testified on Mr. Fan's behalf. See id. ¶¶ 119-21.

## B.     Relevant Procedural History

### 1.     The Original Proceeding As To The Original Defendants

Plaintiffs initially filed this action on October 9, 2018, as a putative class and collective action[1] against SSQ, Mr. Wu, Mr. Fan, Ms. Wu and Ms. Zou (collectively, the "Original

---

[1] Plaintiffs never sought class certification in this action. Plaintiffs initially moved for conditional collective certification one week after the Original Defendants' original counsel filed a request to withdraw representation. See ECF Nos. 32 & 33. Plaintiffs withdrew this motion after the Original Defendants failed to participate in this litigation following the withdrawal of their original counsel. See ECF No. 49. Plaintiffs renewed their motion for conditional collective certification after the Original Defendants retained their second counsel, see 1/5/2025 Order; ECF Nos. 74 & 78, which the Original Defendants did not oppose, see ECF No. 77. The Court granted Plaintiffs' motion for conditional collective certification on September 24, 2021, and authorized a notice-and-consent form giving any potential plaintiffs 60 days to opt in to the FLSA collective. See ECF No. 88.

When the Original Defendants failed to provide Plaintiffs with a list of the Original Defendants' employees, along with said employees' contact information, Plaintiffs moved to effectuate notice of a collective action via publication. See ECF No. 90. The Court granted Plaintiffs' motion and approved an amended abbreviated notice for publication, permitting Plaintiffs to "publish an English-language and a Chinese-language abbreviated Section 216(b) notice at Plaintiffs' expense on two weekend days and two weekdays in World Journal and dadi360.com" and to "publish this same abbreviated notice via WeChat to the known contacts of employees who worked for Defendants between October 9, 2015 and September 24, 2021." 5/25/2022 Order. Plaintiffs never filed any proof of publication on the docket, and no additional individuals filed a

Defendants"), alleging minimum-wage violations under the FLSA and the NYLL, overtime violations under the FLSA and the NYLL, spread-of-hours violations under the NYLL, unlawful tip retention under the FLSA and the NYLL, failure to provide meal breaks under the NYLL, and wage-notice, wage-statement and payroll records violations under the NYLL. See generally ECF No. 1. Although the Original Defendants initially answered the complaint, see ECF No. 28, their answer was stricken after the Original Defendants' original counsel withdrew their representation and the Original Defendants failed to timely obtain new counsel or otherwise participate in this action. See ECF Nos. 36, 40, 58, 62 (adopting report & recommendation). The Clerk of Court entered a certificate of default against the Original Defendants after their original answer was stricken. See ECF No. 63.

After the default certificate against the Original Defendants was entered, Defendants obtained counsel again and moved to vacate the entry of default. See ECF No. 65. The Court granted the Original Defendants' motion, permitted Plaintiffs to file an amended complaint and set a discovery schedule. See 10/13/2020 Order. Plaintiffs filed an amended complaint alleging the same causes of causes of action, against the same Defendants, as the original complaint, which Original Defendants answered. See ECF Nos. 67 & 69.

## 2. The Original Individual Defendants File For Bankruptcy

Less than two months after Defendants answered the amended complaint, counsel for Original Defendants informed Plaintiffs that the Original Defendants had obtained bankruptcy counsel and intended to file a bankruptcy petition. See ECF No. 71-1. Mr. Wu, Ms. Wu, Ms.

---

consent to join as a collective action plaintiff in this case. The Court will therefore review the parties' summary-judgment motion only as it pertains to the original plaintiffs in this action. See 29 U.S.C. § 216(b); Ward v. Bank of New York, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006) ("If no additional plaintiffs opt in to the lawsuit, the FLSA § 16(b) plaintiff advances only her own individual claims.").

Zou and Mr. Fan (the "Original Individual Defendants") filed for Chapter 7 Bankruptcy Protection in United States Bankruptcy Court for the Eastern District of New York three days later (the "Bankruptcy Proceeding"), which automatically stayed proceedings as to the Original Individual Defendants. See ECF No. 72. The Bankruptcy Court later lifted the automatic stay as to the Original Individual Defendants. See ECF No. 76.

The Bankruptcy Proceeding continued, and on May 11, 2021, the Original Defendants' second counsel asked the Court's permission to withdraw from representation, as the Original Defendants informed their counsel that "they intend to concentrate their efforts on their bankruptcy case and will not further defend the litigation in this Court." ECF No. 79 at 1. This motion to withdraw also stated that SSQ "has been defunct since 2019 and no individual exists to act on [its] behalf." Id. After the Court granted Original Defendants' second counsel's motion to withdraw, see 6/9/2021 Order, the Original Individual Defendants proceeded pro se. See ECF No. 85; 7/14/2021 Order; 9/14/2021 Order; 12/16/2021 Order. The Original Individual Defendants continued to be represented by counsel in the Bankruptcy Proceeding. See ECF No. 84.

### 3.    The Filing And Consolidation Of The Successor Action

Three months after the Original Defendants' second counsel withdrew from the instant litigation, Plaintiffs filed a separate action in this District against Defendant Chulaizhadao Inc. ("Chulaizhadao"), alleging that Chulaizhadao is liable as a successor in interest to SSQ for SSQ's alleged violations of the FLSA and the NYLL (the "Successor Action"). See Jiao et al v. Chulaizhadao Inc., No. 21 Civ. 5002 (HG) (VMS), ECF No. 1 (E.D.N.Y. Sept. 7, 2021). Plaintiffs filed an amended complaint in the Successor Action two months later adding Lee Union Street, LLC; Chihyon Lee a/k/a Sandra Lee; Paul Lee; Ki-Chang Lee and Soon-Ri Lee

(collectively, the "Lee Defendants") and Song Yue Jin ("Ms. Jin") as Defendants and adding a cause of action for alleged fraudulent transfer of assets in violation of the NYDCL.  See generally Jiao et al v. Chulaizhadao Inc., No. 21 Civ. 5002 (HG) (VMS), ECF No. 7 (E.D.N.Y. Nov. 17, 2021).

The Court directed Plaintiffs to "file a notice of related case on the docket" in this litigation as to the Successor Action.  See 12/16/2021 Order.  Plaintiffs filed a notice of related case as to the Successor Action one month later.  See ECF No. 89.  Following a conference, the Court set a schedule to commence joint discovery for both this action and the Successor Action. See 1/21/2022 Order.

After the Court set an initial joint discovery schedule, Plaintiffs moved for leave to supplement the amended complaint to add claims of retaliation in violation of the FLSA and the NYLL against Mr. Wu and Mr. Fan.  See ECF No. 92.  The Court granted Plaintiffs' motion in part, permitting Plaintiffs to supplement the amended complaint to add retaliation claims and directing Plaintiffs to file a proper supplemental complaint, as Plaintiffs' proposed supplemental complaint was filed not as a supplement, but a proposed second amended complaint.  See ECF Nos. 94, 92-2, 92-3.  Plaintiffs filed a proposed supplemental complaint one week later.  See ECF No. 95-1.

After Plaintiffs submitted their proposed supplemental complaint in this action on Order from the Court, Chulaizhadao filed a motion in the Successor Action to consolidate this litigation with the Successor Action.  See Jiao et al v. Chulaizhadao Inc., No. 21 Civ. 5002 (HG) (VMS), ECF No. 35 (E.D.N.Y. Aug. 12, 2022).  The Court granted Chulaizhadao's motion, consolidated the Successor Action into this action, and directed Plaintiffs in this action to file a consolidated amended complaint.  See ECF No. 98.

On November 29, 2022, Plaintiffs filed a consolidated complaint in this action against the Original Defendants, Chulaizhadao, Ms. Jin and the Lee Defendants. See ECF No. 101. Approximately one week later, Plaintiffs filed the ACC dismissing the claims against the Lee Defendants, as the District Court had previously dismissed the Lee Defendants from the Successor Action. See ACC, ECF No. 104; Jiao et al v. Chulaizhadao Inc., No. 21 Civ. 5002 (HG) (VMS), ECF No. 41 (E.D.N.Y. Sept. 7, 2022). The Clerk of Court closed the Successor Action following the consolidation of the Successor Action with this action. See Jiao et al v. Chulaizhadao Inc., No. 21 Civ. 5002 (HG) (VMS), 11/30/2022 Dkt. Entry (E.D.N.Y. Nov. 30, 2022).

Against the Original Defendants and Chulaizhadao, Plaintiffs allege in the ACC minimum-wage violations under the FLSA and the NYLL, overtime violations under the FLSA and the NYLL, spread-of-hours violations under the NYLL, unlawful tip retention under the FLSA and the NYLL and wage-notice and wage-statement violations under the NYLL.[2] See ACC ¶¶ 164-207. Against Mr. Wu and Mr. Fan, Plaintiffs allege unlawful retaliation in violation of the FLSA and the NYLL. See id. ¶¶ 208-19. Against all Defendants, Plaintiffs allege fraudulent transfer in violation of the NYDCL. See id. ¶¶ 220-26.

Chulaizhadao filed a pre-motion conference letter seeking permission to move to dismiss the ACC. See ECF No. 107. The Court declined to stay discovery pending the outcome of a motion to dismiss and amended the discovery schedule as to all parties. See 1/18/2023 Order. The District Court set a briefing schedule on Chulaizhadao's motion in a separate Order, see 1/19/2023 Order, and Chulaizhadao filed its motion to dismiss on March 2, 2023. See ECF No.

---

[2] Plaintiffs do not include allegations of meal-period and record-keeping violations in the ACC, even though such allegations had been included in their first amended complaint. See ECF No. 67; ACC ¶¶ 164-207.

115.  Following the submission of Chulaizhadao's motion to dismiss, the Court directed counsel for Chulaizhadao to "clarify" whether the motion to dismiss the ACC is "filed on behalf of Chulaizhadao alone, or whether the [Original] Individual Defendants and Defendant Jin have joined in this motion."  8/9/2023 Order.  The District Court also directed counsel for the remaining Defendants to state whether they joined Chulaizhadao's motion.  See id.

Counsel for Chulaizhadao's letter in response stated that he represented Ms. Jin "for purposes of this motion [to dismiss]" and that "the attorney for [the Original Individual Defendants] informed me that they wish to join in this motion."[3]  ECF No. 125.   This letter statement conflicted with bankruptcy counsel's statement as to the Original Individual Defendants.  See id. at 2.  None of the Original Individual Defendants joined Chulaizhadao's motion to dismiss; rather, the Original Individual Defendants, through their bankruptcy counsel, requested that their deadline to answer the ACC be stayed pending the Bankruptcy Proceeding, with the "opportunity to respond" to the ACC "[i]n the event that the debts are deemed non-dischargeable[.]"  ECF No. 122.  The District Court did not construe Chulaizhadao's motion to dismiss to be filed on behalf of the Original Individual Defendants.

### 4.    The Bankruptcy Adversary Proceeding And Its Resolution

The Bankruptcy Proceeding continued alongside this litigation.  In the January 2023 conference setting an amended discovery schedule, "Plaintiffs' counsel updated the Court that there [would] be a hearing on the dischargeability of any debt that might be identified in this

---

[3] Counsel for Chulaizhadao appears to be mistaken as to whether the Original Individual Defendants are represented in this action.  Counsel appears to have spoken with the Original Individual Defendants' counsel for the Bankruptcy Proceeding, rather than for this action.  See ECF Nos. 72 & 125; 6/9/2021 Order.  The Original Individual Defendants' second counsel in this action withdrew their representation in June 2021, see 6/9/2021 Order, and no subsequent counsel has filed a notice of appearance on the docket as to the Original Individual Defendants.

action in the District Court (regarding [Mr. Wu], [Mr. Fan], [Ms. Wu ] and [Ms. Zou]))."
1/18/2023 Order.  The Bankruptcy Court held a trial in the related adversary proceeding as to the
dischargeability of the Original Individual Defendants in the Bankruptcy Proceeding (the
"Bankruptcy Adversary Proceeding") on March 28 and 29, 2023.  See ECF No. 116.  Following
the trial, the parties filed post-trial briefs in the Bankruptcy Adversary Proceeding.  See ECF
Nos. 116, 122, 126.

The parties continued to conduct discovery, and to seek Court relief for discovery
disputes, while the Bankruptcy Adversary Proceeding remained pending.  See ECF Nos. 123,
124, 127, 128, 130.  The Court ordered that discovery be closed on October 24, 2023, and for
dispositive motion practice to begin November 20, 2023.  See 9/5/2023 Order.  The parties were
ordered to conduct one deposition after the close of discovery, see 11/16/2023 Order, and they
were granted an extension to commence dispositive motion practice.  See ECF No. 132;
12/18/2023 Order.

On January 3, 2024, the United States Bankruptcy Court for the Eastern District of New
York issued a decision as to the Bankruptcy Adversary Proceeding.  See In re Fan, 656 B.R. 666
(E.D.N.Y. 2024).  The Bankruptcy Court found that Plaintiffs' claims against Mr. Fan were
nondischargeable under Section 523(a)(6) of the United States Bankruptcy Code, as Mr. Fan
acted "with malice" and "contrary to commonly accepted duties of an employer" when he "(i)
scheduled his employees to work no less than 11[-]hour shifts for six or seven days a week
without paying the minimum wage or overtime[.]"  Id. at 671, 683-84.  The Bankruptcy Court
also found that Plaintiffs' claims against Mr. Wu, Ms. Wu and Ms. Zou were dischargeable, and
the Bankruptcy Court denied Plaintiffs in this action a judgment as to their claims.  See id. at
671, 690.  The Bankruptcy Court permitted Plaintiffs to "proceed in the FLSA Action against

9

[Mr.] Fan to liquidate their claims (including attorneys' fees) and to obtain and enforce any money judgment." Id. at 690.

Following the resolution of the Bankruptcy Adversary Proceeding, Plaintiffs filed a letter informing the Court that they "cannot continue" this action against Mr. Wu, Ms. Wu and Ms. Zou, but that they could continue their claims against Mr. Fan. ECF No. 133. The District Court ordered Plaintiffs to dismiss Ms. Wu, Mr. Wu and Ms. Zou as Defendants, in light of the resolution of the Bankruptcy Adversary Proceeding. See 2/3/2024 Order.

Although Plaintiffs initially filed a motion to strike the Original Individual Defendants' answer, see ECF No. 136,[4] Plaintiffs eventually moved to dismiss Mr. Wu, Ms. Wu and Ms. Zou, see ECF No. 140. Mr. Wu, Ms. Wu and Ms. Zou were dismissed as parties on February 15, 2024, leaving SSQ, Mr. Fan, Chulaizhadao and Ms. Jin as the only remaining Defendants in this action.[5] See 2/15/2025 Order. In his opposition papers to Plaintiffs' motion to strike the Original Individual Defendants' answer, Mr. Fan also moved to dismiss the ACC pursuant to Rule 12. See Fan Decl., ECF No. 141.

---

[4] It is not clear to the Court why Plaintiffs' motion to strike the Original Individual Defendants' answer references the answer filed at ECF No. 28, which the District Court already struck, and which was not entered in response to the operative pleading in this action. See ECF Nos. 62, 67, 69, 101, 104.

[5] As the District Court noted, SSQ never obtained counsel or participated in this action since the Original Defendants' second counsel withdrew their representation. See, e.g., 6/9/2021 Order; 4/15/2024 Order. After nearly three years passed since SSQ's last participation in this action, the District Court ordered SSQ to obtain counsel, and, if SSQ failed to do so, directed Plaintiffs to request a certificate of default as to SSQ. See 4/15/2024 Order; 5/7/2024 Order. Plaintiffs requested a certificate of default one week later, and the Clerk of Court entered it against SSQ on June 3, 2024. See ECF Nos. 145 & 148. In a subsequent letter, Plaintiffs requested to refrain from filing a default judgment motion as to SSQ until "after the trial between [Plaintiffs] and [the] defendants that are currently in the case." ECF No. 149. SSQ remains unrepresented and unresponsive in this action.

### 5.    The Parties' Dispositive Motion Practice

After Mr. Wu, Ms. Wu and Ms. Zou were dismissed, the parties began dispositive motion practice.  Mr. Fan, proceeding pro se, filed a letter stating his dual intent to move for summary judgment and to dismiss the ACC along the same grounds as his previously filed letter.  See Fan Mot., ECF No. 146.  Chulaizhadao and Ms. Jin (collectively, the "Successor Defendants") filed a pre-motion letter stating their intent to move for summary judgment on the grounds that Plaintiffs lacked successor liability or liability pursuant to the NYDCL against them.  See ECF No. 143.  Plaintiffs filed letters withdrawing their motion to strike Mr. Fan's answer and instead seeking to move for summary judgment against Mr. Fan, based on the Bankruptcy Adversary Proceeding.  See ECF Nos. 151 & 152.  The District Court found Plaintiffs' motion to strike Mr. Fan's answer moot.  See 6/25/2024 Order.

Upon receipt of the parties' letters, the District Court set a briefing schedule for the summary-judgment motions of Mr. Fan, the Successor Defendants and Plaintiffs.  See ECF No. 154.  Plaintiffs and the Successor Defendants filed summary-judgment motions.  See ECF Nos. 155 & 161.  The District Court referred the parties' motions to the undersigned for a report and recommendation.  In a subsequent Order, the District Court stated that it would "treat [Mr. Fan's] premotion conference letter as the motion [to dismiss and for summary judgment] itself."  11/7/2024 Order.

On the deadline to file reply briefs with the Court, and over one month after the deadline to file opposition papers, Plaintiffs filed their opposition papers to Mr. Fan's motion.  See 10/21/2024 Order; ECF Nos. 164 & 165.  That same day, the Successor Defendants filed a motion asking the Court that "Plaintiffs' opposition papers . . . not be considered" as they were filed past the Court's deadline.  ECF No. 167.  The Court will address the Successor Defendants'

letter in a separate report and recommendation.  In this report and recommendation, the Court

addresses only Mr. Fan's motion for relief and related filings at ECF Nos. 141 and 146.

## II.   LEGAL STANDARD

As a preliminary matter, the Court notes that although Mr. Fan styled his motion as a

motion for summary judgment, his motion is made under Rule 12 (which governs motions to

dismiss pleadings), rather than Rule 56 (which governs motions for summary judgment).

Furthermore, Mr. Fan did not comply with Eastern District of New York Local Civil Rule 56.1,

which requires a party to provide, along with its summary-judgment motion papers, "a separate,

short, and concise statement, in numbered paragraphs, of the material facts as to which the

moving party contends there is no genuine issue to be tried."  Local Civ. R. 56.1(a).  Without

supporting evidence, the Court would be unable to assess the merits of a summary-judgment

motion, if any.

The Court also notes that Mr. Fan is a pro se defendant, and "a court is ordinarily

obligated to afford a special solicitude to pro se litigants."  Tracy v. Freshwater, 623 F.3d 90, 101

(2d Cir. 2010).  In light of the Court's obligation to "liberally construe" pro se papers "to raise

the strongest arguments they suggest," Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007),

and the fact that Mr. Fan only seeks relief pursuant to Rule 12, the Court will construe Mr. Fan's

motion as a motion to dismiss.

### A.   Rule 12(b)(2) – Lack Of Personal Jurisdiction

When faced with multiple grounds for a motion to dismiss, a court may consider the

jurisdictional issues first, because a dismissal for lack of jurisdiction may render all other claims

moot.  See Ruhrgas A.G. v. Marathon Oil Co., 526 U.S. 574, 583 (1999).  If a defendant

challenges personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff must make a prima facie

showing of personal jurisdiction, which only requires "legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68, 81 (2d Cir. 2018) (citation & internal brackets omitted).

### B.    Rule 12(b)(5) – Insufficient Service Of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Buon v. Spindler, 65 F.4th 64, 73 (2d Cir. 2023) (citations omitted) ("Therefore, to survive a motion to dismiss based on lack of personal jurisdiction and insufficient service of process, the plaintiff must demonstrate that she adequately served the defendants."). When a defendant challenges service of process, "the plaintiff bears the burden of proving adequate service[.]" Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005) (citation omitted). Similar to a motion to dismiss for lack of jurisdiction, in evaluating a motion pursuant to Rule 12(b)(5), a court "must look to matters outside the complaint to determine whether it has jurisdiction." Warshun v. New York Comm'ty Bancorp, Inc., 957 F. Supp. 2d 259, 265 (E.D.N.Y. 2013) (quoting Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)).

### C.    Rule 12(b)(6) – Failure To State A Claim Upon Which Relief Can Be Granted

Rule 12(b)(6) tests "the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." Global Network Comm., Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis in original). As such, when review a motion to dismiss for failure to state a claim, a court must "accept all well-pleaded factual allegations in the complaint as true" and "construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." Lynch, 952 F.3d at 74-75

13

(citations & quotation marks omitted).  Nevertheless, a court need not "accept as true a legal conclusion couched as a factual allegation[.]"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## III.   DISCUSSION

Mr. Fan argues that the claims in the ACC against him should be dismissed because 1) Plaintiffs failed to serve the ACC within 90 days of filing the ACC on the docket in violation of Rule 4(m); 2) Plaintiffs improperly served the ACC by mail in violation of Rule 4(e); 3) Plaintiffs served the ACC on SSQ at the incorrect address; 4) Plaintiffs failed to serve a summons along with the ACC; 5) Plaintiffs failed to serve the amended complaint on SSQ, and there is no proof that SSQ received the amended complaint; 6) Plaintiffs failed to establish good cause for the delay in service; 7) the amended complaint is not the operative complaint, due to the delay in service; and 8) Plaintiffs' claims are time-barred because they failed to timely serve the ACC.[6]  See Fan Mot. at 1-3.

In opposition, Plaintiffs argue that 1) Rule 5, not Rule 4, governs proper service of the amended complaint, and that service was proper under Rule 5; 2) Mr. Fan is not an attorney and does not represent SSQ, so Mr. Fan may not move to dismiss claims on behalf of SSQ; and 3) in the alternative, service of the ACC on SSQ was proper under Rule 5.[7]  See Pls.' Opp. Mem. L. at

---

[6] As an exhibit to this motion, Mr. Fan submitted his declaration in opposition to Plaintiffs' motion to strike the Original Defendants' answer, which also contains the grounds for Mr. Fan's motion to dismiss.  See Fan Mot. 8-12 (ECF Pagination); Fan Decl.  Mr. Fan's arguments in his earlier submission to dismiss this action mirror those of the instant motion.  See ECF Nos. 141 & 146.

[7] The Successor Defendants have asked the Court to not consider Plaintiffs' opposition papers "as they are filed month's [sic] late, unexcused and with total disregard" of the Court's briefing schedules.  ECF No. 168.  Given that "[m]ovants do not have standing to move on behalf of other defendants[,]" Kuklachev v. Gelfman, 600 F. Supp. 2d 437, 455 (E.D.N.Y. 2009), the Court declines, without addressing the merits, to consider the Successor Defendants' request as it pertains to Mr. Fan's motion.

6-8, ECF No. 164.

The Court will first consider whether it may evaluate Mr. Fan's arguments as they pertain to SSQ, then will review Mr. Fan's arguments as they pertain to himself.

### A.    Mr. Fan's Motion As To SSQ

Because Mr. Fan is appearing pro se in this litigation, Mr. Fan's motion to dismiss as to Plaintiffs' claims against SSQ is improper.

Although "[l]itigants in federal court have a statutory right to choose to act as their own counsel[,]" see 28 U.S.C. §1654, "an individual who is not licensed as an attorney 'may not appear on another's person's behalf in the other's cause.'" Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002) (quoting Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998)). Because a pro se litigant may not litigate another's claims, a court must therefore examine "whether a given matter is [a] plaintiff's own cause or one that belongs to another." Iannaccone, 142 F.3d at 558.

It is also "well established that a layperson may not represent a corporation" in a lawsuit. Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) (citations omitted). This restriction applies even if the layperson purportedly appearing on behalf of the corporation is the corporation's representative. See Eagle Assoc's v. Bank of Montr., 926 F.2d 1305, 1308 (2d Cir. 1991). Instead, "a corporation may appear in the federal courts only through licensed counsel[.]" Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180, 187 (2d Cir. 2006). As such, a court "may dismiss a motion if it purports to be made on behalf of a pro se corporate defendant." Trans Atl. Airlines, Inc. v. Kambi Travel Int'l, No. 05 Civ. 2552 (RLE), 2006 WL 559111, at *1 (S.D.N.Y. Mar. 6, 2006) (considering a motion to dismiss filed by pro se defendants only "with respect to" the individual defendant and not the corporate defendant).

Here, Mr. Fan argues that Plaintiffs improperly served the ACC by delivering it by mail

to SSQ, in violation of Rule 4(e),[8] that the ACC was mailed to SSQ at an incorrect address, and that "there is nothing produced by the plaintiffs to demonstrate whether [SSQ] has ever received the copy of the amended complaint[.]"  Fan Mot. ¶¶ 6-7, 9-10.  Mr. Fan also argues that Plaintiffs "are now barred by the statute of limitations to bring the claims that transpired in 2016 to 2018 as alleged in the amended complaint . . . against the defendants [SSQ] and [Mr. Fan]." Id. at 3-4.  Questions of whether SSQ was timely served with the ACC, whether SSQ was served with and received the ACC at the correct address, and whether Plaintiffs' claims against ACC are timely all implicate the legal rights and responsibilities of SSQ.  A ruling for or against SSQ on these issues in this litigation would not determine whether Mr. Fan is liable to Plaintiffs for any of their claims against him.  As a result, Mr. Fan's arguments as to these issues attempt to advance SSQ's cause.

Both Mr. Fan and SSQ have been unrepresented in this action since 2021.  See 11/7/2024 Order; 4/15/2024 Order; 6/9/2021 Order.  Mr. Fan, as a pro se litigant, may only advance his own claims.  He may not move or argue on behalf of a pro se corporate defendant, which must, as the Court has previously emphasized, be represented by an attorney to proceed in this court. See 4/15/2024 Order.  The Court will therefore not consider Mr. Fan's motion as to SSQ.  See Trans Atl. Airlines, 2006 WL 559111, at *1.

Therefore, the Court respectfully recommends that Mr. Fan's motion to dismiss Plaintiffs' claims against SSQ be denied.  The Court will proceed to evaluating Mr. Fan's motion to dismiss the claims against him on his own behalf.

## B.      Mr. Fan's Motion As To Himself

Mr. Fan argues that Plaintiffs' claims against him should be dismissed because, without

---

[8] Mr. Fan mistakenly references Rule 4(e), which governs service upon an individual in the United States, and not Rule 4(h), which governs service upon a corporation. See Fed. R. Civ. P. 4(e), 4(h).

good cause, "Plaintiffs disregarded Rule 4 totally by not serving a summons with a copy of the amended complaint, not following the procedure for service, and exceed[ing] the time limit for service by months."  Fan Mot. at 10 (ECF pagination); Fan Decl. ¶¶ 17-18.  Plaintiffs therefore, according to Mr. Fan, do not have jurisdiction over him to litigate this action.  See Fan Mot. at 10 (ECF pagination); Fan Decl. ¶ 12.  Mr. Fan also argues that he "did not voluntar[ily] consent to jurisdiction in the herein action" and "did not participate in this action after Plaintiffs amended their complaint."  Fan Mot. at 10 (ECF pagination); Fan Decl. ¶ 20.

As a result of these service failures, Mr. Fan argues, "it is respectfully submitted that [P]laintiffs are now barred by the statute of limitations to bring the claims that transpired in 2016 to 2018 as alleged in the amended complaint" at ECF No. 104.  Fan Mot. at 3-4.  In his original motion to dismiss, Mr. Fan stated that "[t]he statute of limitations on Plaintiffs' claims alone is insufficient to excuse the Plaintiffs' failure to effect timely service of process."  Fan Decl. ¶ 20. Although statutes of limitations are separate from the deadlines set by federal procedural rules, the Court will liberally construe Mr. Fan's argument as a general timeliness argument – namely, that the allegations pertaining to acts between 2016 and 2018 are time-barred.

The Court will first address Mr. Fan's motion to dismiss for lack of personal jurisdiction, followed by his motion to dismiss for insufficient service of process.  The Court will then address Mr. Fan's motion to dismiss for failure to state a claim on which relief can be granted, based on Mr. Fan's timeliness argument.

### 1.    Lack Of Personal Jurisdiction

Personal jurisdiction "represents . . . an individual right, and therefore it can, like other such rights, be waived."  Brown v. Lockheed Martin Corp., 814 F.3d 619, 625 (2d Cir. 2016) (citations & internal brackets omitted).

A defendant generally waives the defense of lack of personal jurisdiction if the defense is

not included in a party's original Rule 12(b) motion or in an answer.  See, e.g., Fed. R. Civ. P.

12(h)(1).  If a defendant waives the right to assert a personal jurisdiction defense by answering

the original complaint, that right is not renewed if a plaintiff files an amended complaint, as the

defense "involve[s] the core issue of a party's willingness to submit a dispute to judicial

resolution[.]"[9]  Shields v. Citytrust Bancorp., Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (quotation

omitted) (finding the defense of lack of personal jurisdiction to be "irrevocably waived by

answering an original complaint"), superseded by statute on other grounds as stated in In re

Paracelsus Corp. Secs. Litig., 61 F. Supp. 2d 591, 597 (S.D. Tex. 1998); see Kane v. Covidien

LP, No. 2:23 Civ. 9207 (NJC) (ARL), 2025 WL 486658, at *3 (E.D.N.Y. Feb. 12, 2025); Credle-

Brown v. Connecticut, 502 F. Supp. 2d 292, 297 (D. Conn. 2007).

Waiver or forfeiture of a personal-jurisdiction defense may also be found through a

defendant's other conduct throughout the litigation.  "To waive or forfeit a personal jurisdiction

defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on

the merits or must cause the court to go to some effort that would be wasted if personal

jurisdiction is later found lacking."  Corp. Mexicana De Mantenimiento Integral, S. De R.L. De

C.V. v. Pemex-Exploración Y Producción, 832 F.3d 92, 102 (2d Cir. 2016) (quotation omitted).

A defendant may also waive or forfeit a "right or defense by actively litigating other issues and

forgoing the opportunity to litigate that right or defense[,]" or by conduct that "amount[s] to a

legal submission to the jurisdiction of the court, whether voluntary or not."  Roberts v.

Bennaceur, 658 F. App'x 611, 616 (2d Cir. 2016) (summary order) (quoting City of New York v.

Mickalis Pawn Shop, LLC, 645 F.3d 114, 134 (2d Cir. 2011)).

Here, Mr. Fan answered the first amended complaint in this action and did not move to

---

[9] Mr. Fan has not argued, and the Court has yet to find, case law within the Second Circuit
stating that a personal jurisdiction defense is not waived as to newly added claims in an amended
complaint against a defendant who has already responded to a prior pleading.

dismiss it.[10]  See generally ECF No. 69.  This answer did not contain an affirmative defense, or any mention, of a lack of personal jurisdiction.  See id. at 14-19.  By answering the first amended complaint, Mr. Fan has indicated his "willingness to submit [this] dispute to judicial resolution[.]"  Shields, 25 F.3d at 1128.  Even though Plaintiffs later filed a consolidated complaint followed by an amended consolidated complaint, see ECF Nos. 101 & 104, which Mr. Fan did not answer, Mr. Fan's objections to this Court exercising personal jurisdiction over him are "irrevocably waived."  Shields, 25 F.3d at 1128.

The Court's obligation to afford a "special solicitude" to Mr. Fan, Tracy, 623 F.3d at 101, does not lead to a different outcome in this motion.  Although Mr. Fan is currently proceeding pro se in this action, he was a represented party when he answered Plaintiffs' first amended complaint.  See ECF No. 64 & 69.  When Mr. Fan's second counsel, upon filing a notice of appearance, spoke of the "meritorious defenses" that Mr. Fan and the other Original Defendants intended to raise in the instant case, Mr. Fan's then-counsel did not mention personal jurisdiction.  See ECF No. 65 at 2.  Mr. Fan was not entitled to any "special solicitude" as a represented party when, after consulting with his then-counsel, he decided to litigate this matter on the merits.  The subsequent withdrawal of Mr. Fan's counsel and Mr. Fan's decision to "not further defend the litigation in this Court" does not release Mr. Fan from his prior decision and obligation to litigate this matter to a conclusion.  ECF No. 79.

Mr. Fan's argument that he did not voluntarily consent to the jurisdiction of this Court is not convincing.  See Fan Decl. ¶ 20.  Mr. Fan consented the jurisdiction of this Court when he answered Plaintiffs' complaint without any jurisdictional challenge.  See ECF No. 69.  After Mr. Fan, through counsel, answered Plaintiffs' complaint, Mr. Fan's counsel litigated this action,

---

[10] Mr. Fan also answered the original complaint, see ECF No. 28, but his answer was stricken before Plaintiffs filed their first amended complaint.  See ECF Nos. 62 & 67.

attended Court conferences and engaged in discovery.  See ECF Nos. 75 & 77; 12/3/2020

Minute Entry; 1/11/2021 Minute Entry; 2/2/2021 Minute Entry.

      Although Mr. Fan acknowledges that he "did not participate in this action after Plaintiffs

amended their complaint [after the first amended complaint,]" Fan Decl. ¶ 20, the Court does not

find this lack of participation to be a relevant fact as to the Court's exercise of personal

jurisdiction.  The Original Defendants, including Mr. Fan, chose to terminate their counsel's

legal representation after they had answered Plaintiffs' first amended complaint "after numerous

discussions regarding their legal options," and based on the Original Defendants' "inten[tion] to

concentrate their efforts on their bankruptcy case and [to] not further defend the litigation in this

Court."  ECF No. 79.  This litigation strategy proved successful for Mr. Wu, Ms. Wu and Ms.

Zou; the Bankruptcy Court denied Plaintiffs' request for judgment as to Mr. Wu, Ms. Wu and

Ms. Zou and found their debts to be dischargeable, leading to a dismissal of Mr. Wu, Ms. Wu

and Ms. Zou from this action.  See ECF No. 133; 2/15/2024 Order.  Mr. Fan was not as

successful, as the Bankruptcy Court found that "Plaintiffs' claims against [Mr.] Fan, including

any claims for attorneys' fees, are not dischargeable pursuant to Bankruptcy Code section

523(a)(6)," which permitted Plaintiffs "to proceed in the FLSA Action against [Mr.] Fan to

liquidate their claims (including attorneys' fees) and to obtain and enforce any money

judgment."  Fan, 656 B.R. at 689-90.  Mr. Fan "cannot now []contest personal jurisdiction

merely because [he] is dissatisfied with [his] tactical choice."  Corp. Mexicana, 832 F.3d at 101.

      As such, the Court respectfully recommends that Mr. Fan's motion to dismiss for lack of

personal jurisdiction be denied.

### 2.    Insufficient Service Of Process

      Rules 4 and 5 both govern the proper means of serving filings in a lawsuit, yet they have

different functions.  Although Rule 4 "contains the requirements to initiate an action against a

party, including the manner in which the party must be served[,]" Rule 5 "governs the manner in which parties not yet in default shall be served with all papers and pleadings subsequent to the service of the summons and the original complaint . . . and directs the filing of those papers." Cont'l Indem. Co. v. Bulson Mgmt., LLC, No. 20 Civ. 3479 (JMF), 2022 WL 1747780, at *2 (S.D.N.Y. May 31, 2022) (citations & internal brackets omitted) (emphasis in original).  Once a court obtains personal jurisdiction over a defendant, a plaintiff is "entitled to rely on Rule 5 for service of [an] amended complaint[.]"  Adams v. City of New York, No. 21 Civ. 3956 (RPK) (LB), 2023 WL 2734611, at *3 (E.D.N.Y. Mar. 31, 2023).

Rule 5, to which "a pleading filed after the original complaint" is subject, is less strict in its requirements than Rule 4. Fed. R. Civ. P. 5(a)(1)(B); see Bulson, 2022 WL 1747780, at *2. Pursuant to Rule 5, a party need not serve a summons along with an amended pleading for service to be affected.  See Buon, 65 F.4th at 74.  Rule 5 also permits service to be made by "mailing it to the person's last known address – in which event service is complete upon mailing[.]"  Fed. R. Civ. P. 5(b)(2)(C); see 4B Wright & Miller's Fed. Practice & Procedure § 1148 (4th ed. 2025) ("Since [Rule 5] expressly directs that service is complete upon mailing, nonreceipt or nonacceptance of the papers by the person to be served generally does not affect the validity of service."[11]).

The effect of tardy or deficient service under Rule 5 is not as severe as it is under Rule 4. The Federal Rules of Civil Procedure permit a court, on motion or otherwise, to dismiss a claim if a defendant is not served with the original complaint within 90 days or if service of process is otherwise deficient.  See Fed. R. Civ. P. 4(m), 12(b).  By contrast, Rule 5 does not prescribe a

---

[11] If a party is represented by counsel, service under Rule 5 must be made on that party's attorney.  See Fed. R. Civ. P. 5(b)(1).  This provision of Rule 5 does not apply to Mr. Fan, who was proceeding pro se in this action at the time the ACC was filed.  See ECF No. 104; 6/9/2021 Order.

time limit on which an amended pleading must be served.  See Fed. R. Civ. P. 5.  Rather, if an

amended complaint is not served timely or properly as required, it simply does not become the

operative pleading in an existing action.  See Int'l Controls Corp. v. Vesco, 556 F.2d 665, 669

(2d Cir. 1977) (holding that when Rule 5(a) requires service, "the original complaint is not

superseded until the amended complaint is served"); Allstate Ins. Co. v. Yadgarov, No. 11 Civ.

6187 (PKC) (VMS), 2014 WL 860019, at *6 (E.D.N.Y. Mar. 5, 2014).

Although Rule 4 generally applies to service of the original complaint, see Fed. R. Civ. P.

4(c)(1), while Rule 5 generally applies to service of "a pleading filed after the original

complaint," see Fed. R. Civ. P. 5(a)(1)(B), the legal standard for evaluating proper service

becomes more complicated when an amended complaint adds new claims.  Rule 5(a)(2) states

that "[n]o service is required on a party who is in default for failing to appear.  But a pleading

that asserts a new claim for relief against such a party must be served on that party under Rule

4."  Fed. R. Civ. P. 5(a)(2).

There is some confusion about whether, under Rule 5, a pleading that must be served

under Rule 4 if that party has not defaulted.  Compare 4B Wright & Miller's Fed. Practice &

Procedure § 1144 (4th ed. 2025) ("Once a party appears in the action, it may become vulnerable

to service of claims for new or additional relief under the relatively informal methods set out in

Rule 5(b)."); 1 Moore's Fed. Practice § 5.03[1] (3d ed. 2025) ("In addition, once a party does

appear, that party becomes susceptible to claims for new or additional relief from parties

involved in the proceedings through these same service provisions [in Rule 5]."); Adams, 2023

WL 2734611, at *3 ("As the defendants here are not in default, Rule 5(a)(2) does not apply.");

Allstate, 2014 WL 860019, at *10 ("Of course, FRCP 5 only requires that service be completed

by the procedures outlined by FRCP 4 when new claims are asserted against a defaulting

defendant."); with Reid v. Dan Yant, Inc., No. 15 Civ. 2358 (MKB) (SJB), 2018 WL 8014197, at

22

*2 (E.D.N.Y. Oct. 25, 2018) (stating both that "[i]f a party brings a new claim against another party, it must serve the new pleading [pursuant to Rule 4] on the other party, even if the other party is in default" and that "Rule 5 applies only to appearing parties"); O'Callaghan v. Sifre, 242 F.R.D. 69, 73-74 (S.D.N.Y. 2017) (noting, on a motion for default judgment, that "[w]here a federal court grants a plaintiff leave to file an amended complaint, the plaintiff does not need to serve that amended pleading pursuant to the requirements of Rule 4, unless the amended pleading includes 'new or additional claims for relief'" (quoting Fed. R. Civ. P. 5(a)(2))); Nat'l Dev. Co. v. Triad Holding Corp., 131 F.R.D. 408, 410, 413 (S.D.N.Y. 1990) (finding, in a motion to vacate two default judgments, that the plaintiff was required to serve the "Supplemental Complaint" with a new claim against the defaulted defendant pursuant to Rule 4). When interpreting a Federal Rule of Civil Procedure, a court must "give the [Rules] their plain meaning" and cease its "inquiry" if the court "finds the text of the Rule to be clear and ambiguous." Bulson, 2022 WL 1747780, at *3 (citations omitted).

Here, although Mr. Fan has appeared in this action, the ACC contains a new cause of action asserted against Mr. Fan for retaliation, not included in the first amended complaint that Mr. Fan answered. See generally ECF Nos. 67 & 69; ACC ¶¶ 208-19. Plaintiffs argue that the more permissive standards for service in Rule 5 should apply to service of the ACC on Mr. Fan, even with the newly added claims. See Pls.' Opp. Mem. L. at 7. The Court agrees with Plaintiffs.

First, the Court finds that the text of Rule 5 is unambiguous. Rule 5 specifies that, "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2) (emphasis added). The Court finds that by directly following "a party who is in default for failing to appear[,]" the phrases "such a party" and "that party" reference the party in

default.  Id.  By contrast, Rule 5(a)(1) requires "a discovery order required to be served on <u>a</u> <u>party</u>," absent a court order stating otherwise, to be served according to Rule 5.  Fed. R. Civ. P. 5(a)(1)(C) (emphasis added).  Rule 5(a)(2) does not state that Rule 4 applies when asserting a new claim against "a party," but references a specific type of party to which Rule 5(a)(2) applies.  The general language used in Rule 5(a)(1)(C) differs from the specific language used in Rule 5(a)(2) in a way that the Court finds is intentional.

Furthermore, the only mention of additional claims in an amended pleading in Rule 5 is in the section titled, "If A Party Fails To Appear."  Fed. R. Civ. P. 5(a)(2).  This demonstrates to the Court that the rules for newly added claims only apply to defaulting defendants.

The cases stating that an amended complaint with new claims requires service on all parties under Rule 4 are all distinguishable.  The court in <u>O'Callaghan</u> addressed the plaintiff's alleged failure to properly serve the amended complaint in a contested motion for a default judgment, <u>see</u> <u>O'Callaghan</u>, 242 F.R.D. at 72-74, while the court in <u>Nat'l Dev. Co.</u> grappled with service of a supplemental complaint in a motion to vacate two default judgments.  <u>See</u> <u>Nat'l Dev.</u> <u>Co.</u>, 131 F.R.D. at 410, 413.  The court in <u>Reid</u> discussed service of an amended complaint on "two non-appearing defendants[.]"  <u>Reid</u>, 2018 WL 8014197, at *1-2.  None of these cases addresses the scenario in which, as here, the Defendant challenging service of process of the amended complaint had already appeared and answered prior pleadings.[12]

Rule 4 contains more strict rules for service because Rule 4 is a prerequisite to a court's

---

[12] Although the Second Circuit has not ruled on whether Rule 4 or Rule 5 governs service of an amended complaint on an appearing party with newly added claims, other courts have held that Rule 5 governs service of an amended complaint on an appearing party, and it is "immaterial whether or not the amended complaint asserted new or additional claims."  <u>Employee Painters'</u> <u>Trust v. Ethan Enters., Inc.</u>, 480 F.3d 993, 999 (9th Cir. 2007) (citation & quotation marks omitted); <u>see</u> <u>Utopia Enteratinment, Inc. v. Claiborne Parish</u>, Civil Action No. 03-1355, 2008 WL 11637816, at *2 (W.D. La. Jan. 31, 2008).

exercise personal jurisdiction over a defendant.  See Buon, 65 F.4th at 73.  Rule 4 governs the

initial service of the summons and complaint, whereas Rule 5 governs "service of papers such as

orders, motions, notices, pleadings and other documents[.]"  Fed. R. Civ. P. 4 1993 Advisory

Committee Notes.  "Rule 5 governs service of pleadings only after a party has been hauled into

court through service of the summons and complaint under Rule 4[.]"  Shum v. JILI, Inc., No. 17

Civ. 7600 (PKC) (VMS), 2022 WL 17403608, at *3 (E.D.N.Y. Dec. 2, 2022).  The provisions of

Rule 5 "assume that the court has personal jurisdiction over the [appearing] party and that the

party is already aware of the proceedings and is keeping abreast of new developments."  1

Moore's Fed. Practice § 5.03[4] (3d ed. 2025) (noting that parties who have not appeared

"require the additional procedural safeguards which are offered by Rule 4's service provisions in

order to ensure, as much as possible, that they have adequate notice that their rights are in

controversy and that the court is properly exercising jurisdiction over them").  A party who is

already on notice of pending litigation against it may sufficiently be notified of further claims

through Rule 5, without "the time consuming and expensive means required by Rule 4[.]"  Reid,

2018 WL 8014197, at *2.

As such, although the ACC added new claims against Mr. Fan, the Court will examine

Plaintiffs' service of the ACC against Rule 5, rather than Rule 4.

Pursuant to Rule 5, Plaintiffs properly served the ACC on Mr. Fan.  Plaintiffs mailed the

ACC to Mr. Fan at an address in Garden City, New, York.  See ECF No. 120.  The address

mailed matches Mr. Fan's address that Mr. Fan's second outgoing counsel provided to the Court

after withdrawing representation.  See ECF No. 84.  The Court is satisfied that the ACC was

mailed to Mr. Fan's "last known address[,]" which is an acceptable form of service under Rule

5.[13]  Fed. R. Civ. P. 5(b)(1)(C).  Consequently, service of the ACC on Mr. Fan was "complete upon mailing[.]"  Id.

Although the Court notes the great delay Plaintiffs took to serve the ACC on Mr. Fan, such a delay does not amount to dismissal under Rule 5.  Rather, Plaintiffs' delay to serve the ACC affected the date on which the ACC became the operative complaint.  See Int'l Controls Corp., 556 F.2d at 669.  Because the effect of this late service is not dismissal, see Vesco, 556 F.2d at 669, the Court need not consider whether Plaintiffs had any "good cause for extension of the time for service."  Fan Mot. ¶ 13.

Mr. Fan's reliance on Pajak v. New York State Office of Temp. & Total Disability, No. 16 Civ. 899 (FPG), 2018 WL 4268915 (W.D.N.Y. Sept. 7, 2018), is misplaced.  See Fan Decl. ¶ 21.  In Pajak, the plaintiff sought leave to amend her complaint before she served the summons and original complaint.  See Pajak, 2018 WL 4268915, at *1.  The amended complaint in Pajak was served as the first pleading on the defendant, so service was evaluated under Rule 4.  See id. at *1, *3.  Here, Mr. Fan had already appeared in this action and mounted a defense when Plaintiffs sought leave to amend their complaint an additional time and when this action was consolidated.  See ECF Nos. 69, 92, 98.  The court's analysis of Rule 4 in Pajak are inapplicable to this case.  See Pajak, 2018 WL 4268915, at *4-5.

The Court is similarly not persuaded by Mr. Fan's argument that Plaintiffs' service of the ACC "extremely prejudiced" him.  Fan Decl. ¶¶ 10, 20.  Mr. Fan claims that "had no knowledge of the claims asserted in the [ACC]" when it was first filed, and this lack of knowledge is what led to Plaintiffs' motion to strike Mr. Fan's answer.  See id. ¶ 20; ECF No. 136.  Mr. Fan also argues that because of his lack of legal experience and English fluency, "proper service would

---

[13] The Court declines to find that service was improper because a summons was not attached, as a new summons is not necessary for service under Rule 5.  See Buon, 65 F.4th at 74.

26

have given [him] notice and a summons would have informed [him] what is needed to be done and [he is] extremely prejudiced by not being properly served or informed as to what needs to be done." Fan Decl. ¶ 10. Given that Plaintiffs' motion to strike Mr. Fan's answer was withdrawn, Mr. Fan's concerns about default are moot. See 6/25/2024 Order. Moreover, Plaintiffs' service of the ACC is not the only way Mr. Fan could have learned of the additional claims asserted against him. The Court mailed Mr. Fan correspondences to his last known address, including correspondences regarding additional claims that Plaintiffs may assert against him. See ECF Nos. 84 & 94; 9/20/2022 Order; 11/30/2022 Order. Mr. Fan has not indicated to the Court that he had not received any of the Court's prior correspondences. Because Mr. Fan had been placed on notice of potential additional claims in an amended complaint, see ECF No. 94; 9/20/2022 Order; 11/30/2022 Order, and because Mr. Fan had the opportunity to inquire as to the next steps he should take in this action, the Court rejects Mr. Fan's assertions of "extreme" prejudice.

As such, the Court respectfully recommends that Mr. Fan's motion to dismiss for insufficient service of process be denied.

### 3. Timeliness

The statute of limitations under the FLSA is ordinarily two years, although it extends to three years for "willful" violations. 29 U.S.C. § 255(a). The statute of limitations for NYLL claims is six years. See N.Y. Lab. L. §§ 198(3), 663(3).

Although an amended pleading "ordinarily supersedes the original, and renders it of no legal effect," Carroll v. Trump, 88 F.4th 418, 433 (2d Cir. 2023) (citation omitted), an amended complaint does not always change the date certain claims are asserted for statute-of-limitations purposes. Rule 15(c)(1) permits an "amendment to a pleading" to relate back to the original pleading provided that, inter alia, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading[.]" Fed. R. Civ. P.

27

15(c)(1).  An amended complaint relates back to the original complaint when it "contains the same claims and factual allegations against [the same defendants] as the original [c]omplaint." Escobar v. Mahopac Food Corp., No. 19 Civ. 0510 (FB) (JRC), 2025 WL 934906, at *5 (E.D.N.Y. Mar. 5, 2025) (analyzing relation back of an amended complaint as to FLSA and NYLL claims), report & recommendation adopted, 2025 WL 931283 (E.D.N.Y. Mar. 27, 2025); see Chaohui Tang v. Wing Keung Enters., Inc., 210 F. Supp. 3d 376, 409-10 (E.D.N.Y. 2016) (same).

Here, the ACC and the original complaint contain the same claims and factual allegations against Mr. Fan for the period of 2016-2018.  Plaintiffs' original complaint alleges that Mr. Jiao worked for the Original Defendants "[f]rom on or about May 31, 2017 to September 22, 2018," Mr. Zhai worked for the Original Defendants "[f]rom on or about June 01, 2017 to September 22, 2018," Ms. Li worked for the Original Defendants "[f]rom on or about June 02, 2016 to September 22, 2018" and Mr. Yu worked for the Original Defendants "[f]rom on or about September 06, 2016 to September 22, 2018[.]"  Compl. ¶¶ 8-11.  The ACC makes nearly identical allegations as to Plaintiffs' employment periods, except that Plaintiffs allegedly ceased working for the Original Defendants one day earlier in the ACC, and the allegations to "Defendants" are replaced with "Direct Employer Defendants," identifying the same individuals. See ACC at 1, ¶¶ 14-17; Compl. at 1, ¶¶ 8-11.  Furthermore, the factual allegations as to the terms and conditions of Plaintiffs' employment are the same in the original complaint as in the ACC, and Plaintiffs did not add any causes of action pertaining to the period between 2016 and 2018 against Mr. Fan.[14]  See ACC ¶¶ 56-116, 164-207; Compl. ¶¶ 43-103, 114-48, 159-67.  The Court therefore finds that the ACC relates back to the original complaint for statutes-of-

---

[14] In fact, Plaintiffs removed from the ACC the causes of action for unpaid meal periods and failure to keep records.  See ACC ¶¶ 164-207; Compl. ¶¶ 149-158.

limitations purposes for conduct alleged between 2016 and 2018.

Because the allegations in the ACC based on conduct from 2016 to 2018 relate back to the original complaint, they fall within the FLSA and the NYLL's statutes of limitations.  The original complaint was filed on October 9, 2018.  See ECF No. 1.  Even assuming that Mr. Fan's alleged conduct was not willful and did not trigger the FLSA's three-year limitations period,[15] the shortest available limitations period for Plaintiffs' claims would extend to October 9, 2016.  Plaintiffs all raise causes of action based on alleged conduct within this time period.  See ACC ¶¶ 56-116; Compl. ¶¶ 43-103.  Each Plaintiff therefore raises timely causes of action for wage-and-hour violations under the FLSA and the NYLL.[16]

As such, the Court respectfully recommends that Mr. Fan's motion to dismiss for failure to state a claim on which relief can be granted be denied.

IV.    **CONCLUSION**

For the reasons stated above, the Court respectfully recommends that Mr. Fan's motion be denied.

V.    **OBJECTIONS**

This report and recommendation will be filed electronically.  Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b)(2).  Any

---

[15] The Court makes no determination at this time as to whether any of Mr. Fan's alleged violations of the FLSA were willful.

[16] Mr. Fan does not raise any timeliness objections as to Plaintiffs' retaliation claims against him. See Fan Mot. at 1-4.  The Court notes that Plaintiffs' retaliation claims are based on alleged conduct that took place on November 7, 2021.  See ACC ¶¶ 117-122.  The ACC was served on June 25, 2023, which is within even the FLSA's two-year limitations period.  See ECF Nos. 120 & 121.  To the extent that the Court may liberally construe Mr. Fan's motion to raise a timeliness objection to the retaliation claims, the Court respectfully recommends that such a motion be denied.

request for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day period for filing objections.  Failure to timely file objections will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.  See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022).

The Court will mail a copy of this report and recommendation to Defendants Shang Shang Qian at 3634 Union Street, Flushing, New York 11354 and at 29 New York Avenue, Westbury, New York 11590; and Zhaorui Fan at 215 Clinton Road, Garden City, New York 11530.  The Clerk of Court is also respectfully directed to update Defendant Shang Shang Qian's address on the docket.  See ECF No. 146 ¶ 9.


Dated:  Brooklyn, New York
        August 15, 2025


_Vera M. Scanlon_
_____
          VERA M. SCANLON
       United States Magistrate Judge