UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\------------------------------------------------------------------------------x

GUANGLEI JIAO, NAN YU, RUIJI ZHAI and YANJUN LI,    :

           Plaintiffs,   :

    -against-    :    **REPORT AND**

    :    **RECOMMENDATION**

SHANG SHANG QIAN INC., YUAN YUAN    :

WU a/k/a/ ANDY WU, ZHAORUI FAN, DAN WU a/k/a    :    18 Civ. 5624 (HG) (VMS)

STEPHY WU, MEILING ZOU a/k/a DENISE ZOU,    :

CHULAIZHADAO INC., and SONG YUE JIN,    :

    :

           Defendants.

\------------------------------------------------------------------------------x

**Vera M. Scanlon, Chief United States Magistrate Judge:**

This is an action to recover damages for alleged violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq.; the New York Labor Law, N.Y. Lab. L. §§ 190 et seq., 650 et seq., and the corresponding New York regulations (the "NYLL"); and the New York Debtor & Creditor Law § 273 (the "NYDCL"). See "ACC," ECF No. 104. Before the Court on referral from the District Court is the supplemental motion for summary judgment, "Motion," ECF No. 182, filed by Defendants Chulaizhadao Inc. ("Chulaizhadao") and Song Yue Jin (together, "Successor Defendants") regarding Plaintiffs' NYDCL claim. For the reasons set forth below, this Court respectfully recommends that the Motion be granted.

## I.    BACKGROUND

The Court assumes familiarity with the factual background and extensive procedural history of this case as set forth in this Court's Report and Recommendation regarding Defendants' motion for summary judgment, see "R&R," ECF No. 171, and recites only what is necessary to consider this Motion.

On August 15, 2025, this Court recommended that Successor Defendants' motion for summary judgment be granted as to Plaintiffs' FLSA and NYLL claims. See generally R&R. As

1

relevant to the Motion, this Court found that the Successor Defendants had not moved for summary judgment on Plaintiffs' NYCDL claim.  See id. at 32.  Stating that "it is likely that such a motion would succeed for the same or similar reasons that Plaintiffs failed to offer evidence to support their successor-liability theory," this Court recommended that Successor Defendants be permitted to move for summary judgment as to this claim.  See id.

In adopting the R&R, the District Court set a briefing schedule for any supplemental motion for summary judgment as to Plaintiffs' NYDCL claim.  See 9/2/2025 Order.  The Motion was timely filed, but Plaintiffs failed to file any opposition by the deadline of October 14, 2025.  See 10/31/2025 Order.  The Court sua sponte extended the deadline for Plaintiffs to oppose the Motion.  See id.  Plaintiffs then filed the Opposition.  ECF No. 183.

## II.    ANALYSIS

### A.  Procedural Compliance

As an initial matter, the Court addresses the Successor Defendants' failure to comply strictly with Local Civil Rule 56.1 ("Local Rule"), which requires that any motion for summary judgment "be accompanied by a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion."  Local Rule 56.1.  In support of the Motion, Successor Defendants filed only a brief memorandum of law, "Defs. Mem.," ECF No. 182-1, and a notice of motion, ECF No. 182.  Plaintiffs contend that this failure should result in a denial of the Motion because Local Rule 56.1 "is a firm rule."  Opp. at 6.  The parties' prior briefing of the motion for summary judgment included both Successor Defendants' Rule 56.1 Statement, ECF No. 161-2, and Plaintiffs' opposition statement, ECF No. 165-8.  The present Motion is supplemental to the previously-decided motion for summary

2

judgment, such that the record on the previous portion of the motion may be considered here. A Rule 56.1 statement from Defendants would not be particularly helpful here, in any event, as Defendants' position is that there is no evidence of any such transaction such that the evidence to prove the negative would be minimal. In light of these considerations, this Court respectfully recommends that the District Court exercise its discretion and excuse Successor Defendants' failure to comply strictly with Local Rule 56.1. See Gustavia Home, LLC v. Vaz, No. 17 Civ. 5307 (ILG) (RER), 2019 WL 3752772, at *4 (E.D.N.Y. Aug. 8, 2019) ("[T]he Second Circuit has made it clear that the court has broad discretion to excuse noncompliance with Local Rules.") (internal quotation omitted), aff'd, 824 F. App'x 83 (2d Cir. 2020).

### B. NYDCL § 273(a)

In their NYDCL claim, Plaintiffs contend that Defendant Shang Shang Qian, Inc. ("SSQ") sold the business, a Chinese restaurant in Flushing, New York, to Chulaizhadao "with actual intent on the part of Defendants to hinder, delay, or defraud Plaintiffs within the meaning of NYDCL § 273(b)." ACC ¶ 221. Section 273 provides that a "transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay or defraud any creditor of the debtor . . . ." NYDCL § 273.

Successor Defendants seek an entry of summary judgment in their favor on Plaintiffs' NYDCL claim "for the same reasons that the [R&R] found no successor liability, under the fraudulent transfer test utilizing the factor of transfer with intent to defraud or hinder as in NYDC[L §] 273(a), as there is no evidence of any transaction or transfer of assets and Plaintiffs have not offered any such evidence." Defs. Mem. at 1-2. Plaintiffs contend, without citation to

3

any facts in the record, that they "have offered specific facts to show that there is reason to believe that a transfer has occurred for the business to continue . . . ."  Pls. Mem. at 8.

In granting Successor Defendants' motion for summary judgment as to Plaintiffs' wage-and-hour claims, this Court determined that "Plaintiffs have not offered any evidence" for "the existence of a transfer of assets" between SSQ and Chulaizhadao, and that "there is no evidence on the record that Chulaizhadao acquired SSQ's assets or business."  See R&R at 26, 28.  In opposition to the Motion, Plaintiffs do not submit any additional evidence beyond what the Court considered for purposes of the previous R&R.  Despite their conclusory contention that the "specific facts" they have offered "are material," see Opp. at 8, Plaintiffs do not cite to previously submitted evidence or offer any additional facts to support their claim.  Plaintiffs, therefore, do not "come forward with specific facts showing that there is a genuine issue for trial."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation & quotation marks omitted) (emphasis in original).  Accordingly, even "view[ing] the evidence in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in its favor," Williams v. New York City Hous. Auth., 61 F.4th 55, 72 (2d Cir. 2023) (quotation & emphasis omitted), the Court finds that Plaintiffs have not "produce[d] specific facts indicating that a genuine factual issue exists."  Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citations & quotation marks omitted).  Based on the record, a jury could not reasonably find that a transaction or transfer of assets occurred between SSQ and Chulaizhadao sufficient for Plaintiffs' NYDCL claim to survive summary judgment.[1]

---

[1] In light of Plaintiffs' failure to demonstrate that a transfer or transaction occurred, the Court does not consider whether Plaintiffs offer evidence regarding the other elements of the NYDCL claim sufficient to withstand summary judgment.

**III.    CONCLUSION**

For the above reasons, this Court respectfully recommends that the Motion be granted and that summary judgment be entered in Successor Defendants' favor on Plaintiffs' NYDCL claim.

This report and recommendation will be filed electronically.  Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b)(2).  Any request for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day period for filing objections.  Failure to timely file objections will preclude further review of this report and recommendation by either the District Court or the Court of Appeals.  See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022).


Dated:  Brooklyn, New York
        March 26, 2026


*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

5